## COWELL *et al. v.* BUCKELEW AND WIFE.

WHERE plaintiffs obtained a decree in a foreclosure suit against husband and wife, the mortgage being executed by them, and the decree being in the usual form, for the amount due, sale of the premises, application of the proceeds, and execution against the property of the husband for any deficiency; and after the entry of the decree the husband died; *Held,* that the plaintiffs were entitled to an order of sale upon the decree, notwithstanding the death of the husband, but not to execution for any deficiency.

The decree binds the specific premises mortgaged, and the property passed into the hands of the executrix of the husband's estate subject to its lien. She took only what remained after the lien was satisfied.

The 141st Section of the Act relating to the estates of deceased persons, applies only to money judgments, or to such portions of other judgments as require for their satisfaction execution against the general property of the deceased.

*Belloc* v. *Rogers,* (9 Cal. 127,) is authority only to the extent of its special concurrence.

This Court will not issue a *mandamus* to the Clerks of the District Courts in the first instance. The action, or the refusal to act, of the Clerks, in suits pending

Cowell *v.* Buckelew.

in the several Courts of the State, can only be reviewed in this Court through the ruling—in relation to such action or refusal—of the Courts of which they are the ministerial officers.

APPLICATION for a writ of *mandamus* to the Clerk of the District Court of Marin County, to compel the issuance of an order of sale.

The facts appear in the opinion of the Court.

*Stow & Patterson*, for the writ.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

In June, 1858, the plaintiffs instituted suit against the defendants to foreclose a mortgage executed by the latter, upon property situated in the county of Marin, to secure their promissory note of fifteen thousand dollars, and in August, 1859, obtained the usual decree in such cases adjudging the amount due, and directing a sale of the premises, and the application of the proceeds to its payment, a deposit in Court of any surplus, and execution against the property of the husband for any deficiency. Since the entry of the decree, Buckelew, the husband, has died; and for this reason the Clerk of the District Court refuses to issue, upon the request of the plaintiffs, the usual order of sale upon the decree. The plaintiffs, in consequence, apply for a writ of *mandamus* to compel the issuance of the order.

There is no doubt of the right of the plaintiffs to the order. The decree binds the specific premises mortgaged, and the property passed into the hands of the executrix subject to its lien. She can take only what remains after the lien has been satisfied. The case is not included, so far as the sale of the premises is concerned, within the inhibition of the 141st Section of the Act relating to the estates of deceased persons. That section applies only to money judgments, or to such portions of other judgments as require for their satisfaction execution against the general property of the deceased—as, for example, to the deficiency remaining after the application of the proceeds of mortgaged premises to the payment of the amount due. Were this otherwise, we should consider the case within the reason of the proviso to the section cited. (*Nagle* v. *Macy*, 9 Cal. 429.)

The 148th Section of the statute which provides that "*no sale of property of an estate shall be valid unless made under order of the Probate Court*," applies only to sales by executors or administrators. The chapter from which the section is cited, is confined to sales by those officers, and does not refer to sales under judicial decrees of the District Court. We are aware of the opinion expressed by Mr. Justice Burnett, in *Belloc* v. *Rogers*, (9 Cal. 127,) in opposition to this view; that opinion received a special and limited concurrence, and is only authority to that extent.

But though we are clearly of the opinion that the plaintiffs are entitled to the order of sale upon the decree, (but not to execution for any deficiency,) the present application must be denied. The parties must in the first instance seek their relief from the District Court. This Court possesses only appellate jurisdiction, and can issue, with the exception of writs of *habeas corpus*, only such writs and process as may be necessary or proper for the exercise of that jurisdiction. (Const. Art. 6, Sec. 4; Jud. Act of 1853, Sec. 6.) The action, or the refusal to act, of the Clerks, in suits pending in the several Courts of the State, can only be reviewed through the ruling, in relation to such action or refusal, of the Courts of which they are the ministerial officers. To the inferior Courts application must therefore be made, when the conduct of their officers is the subject of complaint. (*People* v. *Turner*, 1 Cal. 146.)

Application denied.