### WING *v.* DE LA RIONDA *et al.*

*(City Court of Brooklyn, General Term.* May 27, 1889.)

1. MORTGAGES—TRANSFER OF PREMISES—RIGHTS OF VENDEE.
    Where a mortgagor, after a decree of foreclosure has been entered, conveys his interest in the premises to another, the grantee is not entitled to notice of motions in the proceedings, unless he is made a party thereto.
2. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    A finding by the trial court that an alleged contract was not made will not be disturbed, where there is evidence to sustain it.

Appeal from trial term.

Ejectment by Charles U. Wing against Bernardo De La Rionda and others. There was a judgment for plaintiff, and defendants appeal.

Argued before VAN WYCK and OSBORNE, JJ.

*Oliver J. Wells,* for appellants. *Charles R. Otis,* for respondent.

VAN WYCK, J. This is an appeal from a judgment in favor of plaintiff in an action of ejectment. The plaintiff derives his title through a sale under a foreclosure decree of a mortgage given by the admitted owner in fee of the premises. The defendant Rionda asserts the existence of certain alleged irregularities or defects in the foreclosure suit, which, he affirms, defeat the title so derived. That the order of February 24, 1886, in the foreclosure suit, vacating the order of October 6, 1875, (relieving Wing from his bid for the premises at the foreclosure sale by the referee,) and directing the completion of the sale to Wing, is void and of no effect, because notice of the application for such order of February 24, 1886, was not given to Suydam, defendant therein, (who was then dead,) and to Rionda, defendant herein, though not a party therein. Suydam, before his death, but after the decree of foreclosure was entered, conveyed his interest in the premises to one Husted, who never had himself made a party to that suit. Therefore, at the time the order was made which is complained of, Husted had failed to secure to himself the right to notice of motions in that suit. Suydam, at that time, had parted with his interest in the premises, and, therefore, the order in no way affected his rights. Then, again, Suydam was dead at that time; but that the death of the defendant, in a foreclosure after decree, does not abate or interfere with the jurisdiction of the court to execute the decree, and to do all that is necessary or incidental to such execution, has been repeatedly decided. *Hays* v. *Thomae,* 56 N. Y. 521; *Harrison* v. *Simons,* 3 Edw. Ch. 394; *Cazet* v. *Hubbell,* 36 N.

Y. 677, 681; Code Civil Proc. § 1632. Neither Husted nor any representative of Suydam has complained of the order in question. Rionda represents neither Suydam nor Husted, nor claims under either of them, and cannot volunteer to complain of any actual or imaginary wrong done to either of them. The vacating order and the vacated order were made on the same identical notice, and, if the former is void or voidable, so is the latter, which would leave the Wing bid, made before death of Suydam, in full force, and the referee clothed with both full power and duty, in his sound discretion, to complete the sale to Wing. This very point on the motion of Rionda, made directly in the foreclosure suit, has been decided adversely to him by this court, and the court of appeals in *Jackson* v. *Suydam*, 17 N. E. Rep. 868. Rionda now contends in this action, and did on his motion above mentioned, in *Jackson* v. *Suydam*, that one Blanco, by virtue of an alleged contract contained in a letter from Jackson to him in 1872, acquired some interest in the premises which gives Rionda, as the successor of his interest, a right to notice of the motion upon which the vacating order of February 24, 1886, was made. Assuming that Jackson, at that time, had power and authority to make such a contract in relation to the premises as is referred to in this letter, the terms of which are very indefinite and much confused, then it becomes a pertinent inquiry whether such agreement was made. The letter contained a vague series of propositions, and a concluding request that Blanco would answer the letter, "signifying his assent" to the propositions if they met his approval. The learned and careful trial judge before whom this case was heard has refused to find that any such agreement was made, which finding is fully sustained by the evidence; for the non-acceptance of terms offered by one party to the other robs the transaction of that mutuality which alone can give vitality to a contract. Then again, at the time this letter was written, Jackson had no interest in the premises, and had previously so far parted with his interest in the foreclosure decree by assignment to Wing, which was duly recorded, that Wing became vested with the legal title thereto. Jackson thereafter had no right to interfere with Wing's irrevocable power to use and so dispose of the decree as he saw fit, and to use the proceeds obtained therefrom to pay heavy expenses incurred in long, complicated, and expensive litigations in relation to this decree and other valuable real estate. Jackson reserved to himself only the right to share with Wing the net proceeds derived from this decree and such other property. The alleged Blanco-Jackson agreement was subject to Wing's legal title to and vested rights in this decree, and to his irrevocable power to enforce, use, and dispose of the same in his discretion, without hindrance from Jackson or notice to him of the legal proceedings to accomplish such purposes and the enjoyment of such rights. It is manifest that under such circumstances, Blanco could acquire no greater right from Jackson than he had at the time the letter of 1872 was written. Admitting that the letter of 1872 is a binding contract upon the sender and receiver of it, then the most favorable construction to Blanco that can be given thereto would be that he became thereby the equitable assignee of this mortgage and decree, to the extent of Jackson's interest therein at that time, viz., the right to call Wing to account for one-half of the net proceeds received therefrom. Now, assume that such interest would entitle Blanco, if a party herein, to have his rights adjudicated in this action, even then this would not help Rionda, unless he succeeded to such interest of Blanco. He has not, for such interest of Blanco at his death vested in his administrators, and they have transferred to Rionda nothing but two tax-leases which are invalid and void. Rionda will not be permitted to complain of that which concerns Blanco's administrators alone, and to which they refuse or neglect to object. The opinion of the general term of this court in *Jackson* v. *Suydam*[1] fully considered

[1] Not reported.

this question, and we see no reason to change the views therein expressed. Blanco's heirs having acquired no rights under the alleged letter contract, therefore Rionda is not held by the conveyance of these premises made after the commencement of this action by parties purporting to be heirs of Blanco, even if it had been proven that they were such heirs,—of which there is a total absence of proof. Rionda put in evidence an assignment made since the commencement of this action, by one Cassidy, of a bid made by him at the referee's sale in the foreclosure, which bid Cassidy not only abandoned and refused to complete, but actually, on his own application, secured from the court an order relieving him therefrom, and directing the referee to refund him the 10 per cent. paid by him thereon. This is, certainly, a quicksand foundation upon which to construct the defense of a superior title to that of the completed purchase by Wing at a resale made by the referee thereafter. It is hardly necessary to add that Cassidy's testimony remains undisputed that his bid really belonged to Blanco's estate, though taken in his own name. If so, how, then, could Cassidy transfer even this worthless bid without the consent of Blanco's administrators? There were constant efforts to enforce this foreclosure decree which prevented the raising of a presumption of payment. The court of appeals has gone no further than to hold that, if a mortgage stands alone, without payment or proceedings to enforce it, for 20 years, the presumption of payment accrues. *Barnard* v. *Onderdonk*, 98 N. Y. 166. The statute of limitations affords no defense to Rionda.

This action was properly brought in the name of Wing, for the benefit of Hoagland, pursuant to section 1501, Code Civil Proc.

The judgment appealed from must be affirmed for the foregoing reasons, with costs.

OSBORNE, J., concurs.