CHARLES U. WING, Respondent, *v.* BERNARDO DE LA RIONDA et al., Appellants.

In an action of ejectment, plaintiff claimed title under a foreclosure sale. It appeared that the judgment of foreclosure was rendered May 11, 1852, and a referee appointed to sell the premises, which were situated in the city of Brooklyn, at a place named in the city of New York.  In July, 1867, said judgment not having been executed and said referee having died, on motion of plaintiff therein an order was granted appointing another referee to execute the decree and modifying the same by providing that the sale should take place in Brooklyn.   The papers upon which the motion was made were served upon the attorneys who appeared for S. the only defendant in the foreclosure, who put in an appearance therein, and said attorneys admitted due and timely service.  *Held,* that it was a matter within the discretion of the court whether or not to require a personal service on S.; that the admission of the attorney was *prima facie* evidence of authority to make it, and so that the court acquired jurisdiction; and that the modification of the decree was not material and was within the power of the court to make.
Decrees of courts of equity, otherwise than for the payment of money, do not expire by reason of the passage of any number of years, and whether they will be enforced after a long time has elapsed, is a question for the court to decide upon a consideration of all the facts, and its decision upon such a question is not generally appealable to this court.
An order may be made, after the entry of a decree of foreclosure, providing for carrying out the same after the death of the defendant mortgagor, without reviving the action against his heirs or representatives.

(Argued October 28, 1890 ; decided December 2, 1890.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 27, 1889,

which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This was an action of ejectment. Plaintiff claimed title under a foreclosure sale.

The following are extracts from the opinion :

" It is agreed on all sides that one Minne Suydam was the owner of the premises in question at the time he gave a mortgage thereon, which ultimately came into the hands of Stephen C. Jackson as owner.   The mortgage not being paid, an action was brought in the City Court of Brooklyn to foreclose the same, and a judgment of foreclosure was rendered therein on May 11, 1852.   The judgment appointed a referee to sell the premises and named the Merchants' Exchange in New York as the place where they were to be sold.

" In July, 1867, the judgment of foreclosure not yet having been executed, an order upon plaintiff's application in that action was made by the City Court of Brooklyn, appointing another referee in place of the former one, who had died in the meantime, to execute and carry into effect the judgment, and such judgment was modified by providing that the sale should take place in the city of Brooklyn, as the statute required.

" The counsel for the defendant Rionda in this action takes objection to that order on the ground, as he alleged in his motion for a nonsuit, that it was ineffectual to foreclose the rights of Suydam, or any other party in interest, having been made without notice.

" The only defendant who appeared in the foreclosure action was the defendant Suydam, and he appeared by his attorneys living in New York.   When the order was offered in evidence in this action, the objection was made that no notice was given 'except the service of the affidavits and order to show cause on the attorneys who appeared for Minne Suydam in the action fifteen years before and whose authority had ceased with the entry of the final judgment in 1852, and on the further ground that it modified *ex parte* the judgment and materially affected the defendant's right, without any notice to him.'   The order recites the service of the papers on the attorneys for Suydam, and defendant's objection admits that such service had been

made. The point which the defendant raises is that the papers should have been served on Suydam personally, and that service on his attorneys was not sufficient. The attorneys admitted due and timely service of a copy of the papers. We think facts enough existed in this case to give the court jurisdiction to make the order. It might have required a personal service on Suydam, but, under all the facts, we think it was a question within its discretion. There was no fact shown which proved a repudiation of the authority of the attorneys for Suydam to admit due service of the papers, even if it were correct to say that all their authority, as his attorneys, had expired with the entry of judgment, which we do not at all agree to. As they had admitted such service, such admission would be, I think, at least *prima facie* evidence of an authority from Suydam to make it. (*Brown* v. *Nichols*, 42 N. Y. 26.)

"The second ground of objection taken to the introduction of the order, that it modified *ex parte* the judgment, is answered by what has already been said, and by the further fact that it was not a material modification of the decree, and hence did not affect injuriously the rights of anyone. * * *

"The decree for the foreclosure and sale of the premises was not outlawed after twenty years. The lien aquired upon real property by the docketing of a money judgment, expires by the statute in ten years (Code, § 1251), and the amount of money decreed to be paid by a defendant in such a judgment may be presumed to have been paid after the expiration of twenty years from the time when it was docketed, except as provided by statute. (Code, § 376.) But decrees of courts of equity, otherwise than for the payment of money, do not expire by reason of the passage of any number of years, and the question whether they will be enforced after a long time has elapsed, is one for the court to decide upon a consideration of all the facts. (*Van Rensselaer* v. *Wright*, 121 N. Y. 626.) And its decision upon such a question is not generally appealable to this court.

"There can be no doubt either of the power of the court to make an order after the entry of a decree of foreclosure, providing for carrying the same out after the death of the defendant mortgagor and without reviving the action against his

heirs or representatives. (*Harrison* v. *Simons*, 3 Edw. Chy. 394; *Hays* v. *Thomae*, 56 N. Y. 521.)

" This covers all we think it necessary to say regarding the defects of the title of the plaintiff.   He made out a good *prima facie* case entitling him to the possession of the premises, and the defendant failed to impeach that title by showing any radical defect therein consequent upon the omission of any necessary step in the foreclosure proceedings."

*Oliver J. Wells* for appellants.

*Edwin M. Shepard* for respondent.

PECKHAM, J., reads for affirmance.
All concur.
Judgment affirmed.