JOHN REED V. J. S. MORSE *et al.*

TAX DEED, *Void—County Seal.* A tax deed signed by the county clerk alone, to which the seal of the county is not affixed, is void, and lapse of time cannot cure the defect.

*Error from Shawnee District Court.*

ACTION by *Reed* against *Morse* and others. Judgment for defendants at the January term, 1889. The plaintiff brings the case here. The facts appear in the opinion.

*E. E. Chesney, J. T. Ward,* and *Jos. Reed,* for plaintiff in error:

"A tax deed must conform substantially to the requirements of the statute under which it is executed. If 'the seal of the county' be omitted in its authentication the deed is void. Nor is it admissible even to show color of title under the special limitation of the revenue act." *Sutton v. Stone,* 4 Neb. 319.

"An auditor's deed for tax lands is inadmissible in evidence, unless his official seal is attached." *Day v. Day,* 59 Miss. 318.

True, there is, *contra, Bowers v. Chambers,* 53 Miss. 259. But this was decided as it was because a form of tax deed was prescribed by the legislature in which no seal was given or required, and it is always sufficient to follow exactly the form laid down in the statute, even where the form in full is absurd.

The Kansas statute expressly directs the county clerk to execute, in the name of the county and by the county clerk, "under his hand and seal of the county," all tax deeds. Gen. Stat. of 1889, ch. 107, § 138. This is stronger than the Nebraska statute, and makes more forcible *Sutton v. Stone,* supra.

Where the statute prescribes a particular form for the deed, the form becomes substantive, and must be strictly pursued or the deed will be held void. It must be substantially followed.

2 Desty, Tax., § 144; *Grimm v. O'Connell*, 54 Cal. 522; *Hubbell v. Campbell*, 56 .id. 532; *Boardman v. Boone*, 20 Iowa, 134; *Atkins v. Kinna*, 20 Wend. 249.

*N. B. Arnold*, for defendants in error:

At common law, the purchaser at a tax sale, having received a conveyance from the proper officer reciting all the require-. ments, was bound to prove strict compliance. For the purpose of avoiding this, it has been enacted that the recitals of the deed should be *prima facie* evidence of the regularity of all proceedings. Every recital in the tax deed is *prima facie* true. *Hobson v. Dutton*, 9 Kas. 477. The clerk recites that he has affixed the official seal of the county; a recital that must be taken as *prima facie* true. The clerk of the county is directed to make a deed under his hand and seal of county, conveying to the purchaser the land sold. This he recites he has done. But if he has failed to do so, under our statutes it cannot work an invalidation of deed. It is still *prima facie* true, since the legislature has announced that a failure of any officer to perform the duties assigned to him, upon the day specified, shall not work an invalidation of the deed. Gen. Stat. of 1889, ¶ 6993.

Besides, this is one of those tax deeds that should be liberally construed for the purpose of upholding and enforcing it. The deed bears date August 5, 1873. The evidence shows that the defendants in error have had possession under the deed for nearly 20 years. *Sanger v. Rice*, 43 Kas. 580.

The opinion of the court was delivered by

ALLEN, J.: The only question we deem it necessary to consider in this case is whether a tax deed, signed by the county clerk, but without the seal of the county attached thereto, is void or not. The statute requires the county clerk to execute in the name of the county, under his hand and seal of the county, to the purchaser, a deed for lands sold at tax sale. The deed under which defendants claim has the signature of the county clerk, but has no seal. While, as has

been held by this court, where parties have been in possession for a long time, in this case nearly 15 years, under a tax deed, the court will construe the terms of the deed liberally for the purpose of upholding it, in this case the question is whether a tax deed was in fact executed. This question was passed on by the supreme court of Nebraska in the case of *Sutton v. Stone*, 4 Neb. 319, and a tax deed without the seal of the county was held void. In the case of *Bowers v. Chambers*, 53 Miss. 259, a tax collector's deed without a seal was held valid, but it was so held because the form prescribed by statute did not require a seal. The attestation clause in the form prescribed by our statute reads: "In witness whereof, I, C. D., county clerk as aforesaid, by virtue of authority aforesaid, have hereunto subscribed my hand and affixed the official seal of said county," so that case is not an authority in point. On the other hand, the case of *Day v. Day*, 59 Miss. 318, holds that an auditor's deed without the official seal attached is void. The requirement of the statute, that a seal of the county be attached, is just as positive as the requirement that it shall be signed by the county clerk, and without such seal we must hold the deed void. It is unnecessary to consider the other questions.

The judgment will be reversed, and a new trial ordered.

All the Justices concurring.