Jones v. City of Tipton et al.

Judgment affirmed.

Filed October 30, 1895.

---

No. 1,637.

## JONES v. CITY OF TIPTON ET AL.

APPEAL.—*Jurisdiction.—Review of Judgment.—Supreme Court.—Appellate Court.*—In an appeal from a judgment in an action to review a judgment, jurisdiction is in the court which would have had jurisdiction of an appeal from the original action.

SAME.—*Jurisdiction.—Supreme Court.—Action to Set Aside Tax Sale and Quiet Title.*—Jurisdiction on appeal in an action to set aside a tax sale of real estate and declare it null and void and to quiet title, is in the supreme court.

From the Tipton Circuit Court.

*W. R. Oglebay, J. L. Oglebay* and *J. Jones*, for appellant.

*J. N. Waugh, J. P. Kemp* and *D. Waugh*, for appellees.

REINHARD, C. J.—This is an action to review a judgment. The original action was by the appellant against the appellee Akers, to set aside a tax sale of certain real estate and declare it null and void, and to quiet the plaintiff's title to real estate as against said Akers' claim for taxes. Akers filed a cross-complaint, in which he set up his purchase of the real estate for taxes, alleging also that he had paid subsequent taxes thereon, and asked

that, in the event plaintiff's title be quieted, a lien be declared upon said real estate for all such taxes, penalty and interest due him, etc. The cause was submitted for trial to the court and there was a finding and decree quieting appellant's title and declaring a lien on such real estate in favor of Akers for the amount due him on his purchase and for taxes, etc.

To the present action, which, as we have said, was brought to review the former judgment, the city of Tipton is made a defendant. The ground upon which relief is asked is that of the discovery of material new matter since the rendition of the judgment. R. S. 1894, section 628 (R. S. 1881, section 616).

The action to review a judgment was originally a chancery proceeding, but under our practice it is purely a statutory one, and is treated as an incident to the original action. Hence, if in the original action, the supreme court alone would have had jurisdiction on appeal, it follows that in the action to review it also has exclusive jurisdiction. The same is true with reference to the appellate court, had the jurisdiction been in it in case of an appeal from the original judgment.

In the present case the original action was such as would, on appeal, have gone to the supreme court, and consequently the jurisdiction of this appeal is in that court also.

Ordered transferred.

Filed October 30, 1895.