W. B: Seeley, *Administrator*, v. Mary J. Johnson *et al.*

**No. 11,400.** (59 Pac. 631.)

Judicial Sale—*Dormant Judgment.* A sale of real estate made under a special execution issued after the death of the plaintiff in ·the decree, without a revivor of the judgment, is void.

Error from Greenwood district court; C. W. Shinn, judge.   Opinion filed January 6, 1900.   Affirmed.

*Hodgson & Hodgson*, for plaintiff in error.

*R. P. Kelley*, and *W. S. Marlin*, for defendants in error.

The opinion of the court was delivered by

Smith, J. : The question involved in this suit is whether a sale of real estate made under a special execution issued on a judgment in foreclosure after the death of the plaintiff, without a revivor, is of any validity.   Many authorities have been collected by counsel on both sides.   In determining the law applicable to the case we think it unnecessary to go beyond the precedents established by this court.   In *Halsey v. Van Vliet*, 27 Kan. 474, two executions were issued after the death of a defendant, the first one within four months thereafter, and the second twelve months later.   It was held that the executions were to be considered absolute nullities, and that, there being no party defendant in being against whom or whose property the process could run, their issuance and return did not have the effect of keeping the judgment alive.   In *Comm'rs of Rice Co. v. Lawrence*, 29 Kan. 158, pending a civil action against a defendant, and prior to the trial thereof, he was imprisoned in the

22—61 kan.

penitentiary under a conviction and sentence for felony for a term less than his natural life, without the appointment of a trustee to manage his estate or defend the action. While thus confined a judgment was obtained against him. His civil rights were at the time suspended. It was held that the judgment was a nullity and might be revoked and set aside by proper proceedings had before the court rendering the same. It was not decided in this case whether the judgment against the convict was void or merely voidable.

In *Ballinger v. Redhead*, 1 Kan. App. 434, 40 Pac. 828, a judgment was rendered in favor of a partnership composed of two persons. One of the partners died and execution was issued on the judgment about eight months thereafter and real estate sold thereunder. No revivor was had. It was held that no execution could legally issue, and that all proceedings had after the death of one of the plaintiffs in the judgment were void. In *Halsey v. Van Vliet*, supra, Mr. Justice Brewer, in rendering the opinion, quotes from Freeman on Executions, section 35, as follows:

"The issuing of executions against sole defendants, bearing date after their death, has also given rise to diverse decisions; but upon this point the authorities are much more unevenly divided than upon that arising where execution has issued after the death of a sole plaintiff. Some of the authorities deny that the death of the defendant is an extinguishment of the power to issue execution; and affirm that a writ thereafter issued, without revivor of the judgment, though voidable, is not void. These authorities, while sustainable on principle, are borne down by the weight of opposing authority."

It will be noticed from a careful reading of the opinion in the case quoted from that Mr. Justice Brewer did not disagree with his associates in holding

that a sale under a writ issued after the death of a defendant was void in so far as title was affected by such sale. The learned justice was of the opinion that, so far as the question of keeping the judgment alive was concerned, such executions cannot be considered nullities. He said :

"The majority of the court, however, hold with the current of authority, that such an execution is an absolute nullity ; that under it a sale is absolutely void, passing no title ; that it can be challenged in any collateral way, and that being an absolute nullity, it is powerless, not only for upholding a sale, but also for keeping alive the judgment in behalf of the plaintiff."

Upon the death of the plaintiff in the judgment at bar it became dormant. No distinction is made under our statute between a revivor in the case of the death of a defendant and that of a plaintiff. In both instances a revivor is necessary. Sections 438 and 439, chapter 95, General Statutes of 1897 (Gen. Stat. 1899, §§ 4704, 4705) read :

"SEC. 438. If either or both parties die after judgment and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party.

"SEC. 439. If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

In the case of *Green, Adm'r, v. McMurtry*, 20 Kan. 189, 194, Mr. Justice Valentine, speaking for the court, said :

"In some cases, *after jurisdiction has been obtained*, and some particular proceeding has been commenced

before the death of either party, such particular proceeding may be carried on to completion after the death of one or both of the parties, the whole thing relating back to the time of the commencement of the proceeding. This is illustrated by a sale of property on execution after the death of one of the parties, where the property was levied on under such execution before such death. Also in some cases where the proceeding is a mere formal matter, like the rendering of a judgment after death on a verdict found before death, the proceeding may be had after such death. But even these cases have their exceptions and limitations."

In the case at bar there was no plaintiff in being at the time the order of sale was issued, levied, and the property sold. It is the policy of our law, evidenced by those provisions of the statute relating to revivor, that proceedings in court should be had only between persons *in esse*, and that executions and orders of sale should be issued and levied in case of the death of either plaintiff or defendant only after revivor.

Counsel for plaintiff in error have not convinced us that there should be a difference in effect as to an order of sale issued after the death of the plaintiff as distinguished from a general execution. In the case of *Ashmore v. McDonnell*, 16 Pac. 687, decided by this court in January, 1888, but not reported, a decree in foreclosure was rendered against a defendant, Ashmore, before his conviction and sentence to the penitentiary for life, and execution issued afterward. Clogston, commissioner, speaking for the court, said:

"The judgment was rendered before this conviction, but no execution was issued thereon until more than six months after his conviction and sentence. This conviction deprived the plaintiff of all civil rights, and, before an execution could be issued thereon, this judgment would have to be revived. This not having been done, the execution was issued upon a dormant

judgment, and was of no validity. The execution being void, all proceedings thereunder must necessarily follow the execution, and the purchaser took nothing by reason of the sale and conveyance thereunder.''

In the opinion the words '' execution'' and '' order of sale '' are used interchangeably. On a rehearing of this case (39 Kan. 669, 679, 18 Pac. 823, Mr. Chief Justice Horton rendering the opinion), the decision was modified on a review of the facts. The rule of law stated by the commissioner, however, was not doubted, the court saying :

'' If the action of McDonnell to foreclose his mortgage had been instituted against Ashmore alone, or if a general judgment had been rendered against Ashmore alone, the decision of this court heretofore rendered would be correct.'' (See, also, *K. O. & T. Rly. Co. v. Smith*, 40 Kan. 192, 19 Pac. 636 ; *Cunkle v. Interstate Rld. Co.*, 54 id. 194; 40 Pac. 184.)

A defendant whose property is levied upon under an order of sale or general execution ought to be able to ascertain from an inspection of the record in the case to whom payment of the debt may be made, and when the death of the owner of the judgment occurs, all proceedings for its enforcement ought to be held in abeyance until some person in being is substituted with whom the debtor may treat regarding the satisfaction of the judgment.

In the case of *Kager v. Vickery*, immediately following, involving the validity of a judgment after the death of a defendant, Mr. Chief Justice Doster, speaking for the court, confirms the view we have taken of the question, and has cited authorities in support thereof not referred to herein.

The proceedings under the order of sale being void, whether this attack upon them in an action of ejectment was direct or collateral becomes immaterial. The judgment of the court below will be affirmed.