CARRIE E. HAVENS v. JOHN POPE *et al.*

No. 189.*  (62 Pac. 538).

1. PRACTICE, *District Court—Confirmation of Sale—Res Judicata.* An order confirming a judicial sale does not conclude the parties as to the question of title under the sheriff's deed based thereon.

2. ——— *Dormant Foreclosure Judgment—Revivor.* Under the provisions of the code, it is necessary to revive a dormant judgment foreclosing a mortgage before a valid execution may issue thereon.

3. ——— *Sheriff's Deed—Dormant Judgment.* A sheriff's deed based upon a sale under an execution issued upon such dormant judgment is void and conveys no title.

4. ——— *Action to Quiet Title—Void Deed.* The bringing of a suit by the defendant in such foreclosure case to quiet his title against such void deed is not in any sense a revivor of such judgment.

Error from Rawlins district court; A. C. T. GEIGER, judge.   Opinion filed October 10, 1900.   Modified.

*J. P. Noble,* for plaintiff in error.

*Dempster Scott,* and *Fuller & Whitcomb,* for defendants in error.

---

* Petition for order to certify denied by supreme court December 3, 1900.—REP.

The opinion of the court was delivered by

MAHAN, P. J. : John Pope, one of the defendants in error, brought suit against the other parties to this proceeding in the district court of Rawlins county to quiet his title to a tract of land. The suit was under the provisions of the statute in relation to such cases.

The defendant Carrie E. Havens, plaintiff in error in this proceeding, answered, setting up title by sheriff's deed made in pursuance of a sale had on a judgment of foreclosure, in a case wherein one John Amidon was plaintiff and John Pope, the defendant in error, and others were defendants. This judgment was rendered May 27, 1891. The note and mortgage sued on were made by the defendant in error John Pope. The order of sale upon which the sheriff's deed was based was issued January 14, 1896. John Amidon died September 1, 1891. The judgment was not revived. In her answer in this case, Carrie E. Havens also asserted title under a tax deed. The case was tried to the court May 16, 1899. The court made special findings of fact and conclusions of law, and thereupon entered judgment for the plaintiff quieting his title absolutely to the land. From this judgment Carrie E. Havens prosecuted this proceeding in error and makes eleven assignments of error. At the conclusion of these assignments counsel say : "As we think there are but two questions in these cases, we present all the errors complained of under two heads. We mention this fact here, so that the court may know that we do not abandon any of the specifications of error. These questions are : First. Were the sheriff's sale and the subsequent proceedings thereon erroneous? Second. Was the tax deed void?"

Inasmuch as counsel concede that there are but two

questions in the case, and very succinctly state them, we do not deem it necessary to notice the several assignments of error in detail, notwithstanding counsel say they do not abandon any of them.

It is said in the brief that the sheriff's sale and the deed based thereon are not void, first, because the district court has already decreed that the sale and confirmation are valid and this decision is *res judicata*. This is based upon the fact that an order of the district court was made confirming the sale, notwithstanding the objection of the mortgagor Pope that the writ and sale were void because the plaintiff Amidon was dead and the judgment had not been revived, and the time for a revivor had long since elapsed.

It is further contended that the order is conclusive because Pope prosecuted a proceeding in error therefrom to this court, which was dismissed for want of necessary parties.   Many authorities are cited in support of the contention that an order confirming a sale or an order denying a motion to set aside a sale is final and conclusive.   However courts of other states may have decided this question, it has long since become a settled rule of law in this state that such an order is not conclusive.   This line of decisions began with the case of *White-Crow v. White-Wing*, 3 Kan. 276. This was followed by *Benz v. Hines and Tarr*, 3 Kan. 390; *Treptow v. Buse*, 10 id. 170; *Harrison & Willis v. Andrews*, 18 id. 535; *Comm'rs of Wilson Co. v. McIntosh*, 30 id. 239, 1 Pac. 572.

It is next contended that the order of sale and subsequent proceedings based thereon are not void because a revivor was not necessary.   In support of this contention, our attention is called to *Bigelow et al. v. Renker et al.*, 25 Ohio St. 542; *Head v. Daniels*, 38 Kan. 1, 15 Pac. 911; *Cowell v. Buckelew*, 14 Cal. 640, and

many other authorities, to the effect that in cases where a writ has been issued and a levy made upon property before the death of the plaintiff or the defendant, the officer may lawfully complete an execution of the writ without revivor.   An argument is based upon this, that the decree of sale of specific property is equivalent to a levy, is an appropriation or seizure of the property, and for that reason no revivor is necessary, inasmuch as no one can acquire an interest in the property by descent or by operation of law occasioned by the death of the party, except subject to the decree and the lien thereby created ; that the court has a right to proceed to carry its decree into effect notwithstanding the death of one of the parties.   This view is supported by Mr. Jones in his work on Mortgages, volume 2, section 1585, and by the California case referred to above.

It is argued that the judgment of foreclosure is a judgment *in rem*, not a personal judgment.   Under our code the judgment must be a personal judgment, in cases where the parties are brought into court by its process.   The judgment in the case of Amidon *v.* Pope was a personal judgment, with a condition that, in case Pope failed to pay it within a specified time, the land should be sold.   In *The State v. McArthur*, 5 Kan. 280, it was contended that the provision of the code in relation to revivor did not apply to a foreclosure judgment.   In that case the relator sought to compel the clerk of the district court, by mandamus, to issue an order of sale upon a dormant judgment of foreclosure. The court, speaking by Chief Justice Kingman, says :

"Section 395 of the code  .  .  .  defines 'a judgment as a final determination of the rights of the parties in an action.'   Whatever was the definition of a judgment at common law, and whatever distinctions

existed between a judgment and a decree under the old systems of practice, the section above quoted has decided as to what is a judgment under the code, and it makes no difference whether it is what would formerly be called a judgment, an order, or a decree. The action of the court in the case of the relator was a final determination of the rights of the parties, and consequently was a judgment."

It is further said therein: "All proceedings upon the judgment while it is dormant are void and will be set aside." Section 439 of the code (Gen. Stat. 1897, ch. 95, § 438; Gen. Stat. 1899, § 4704) makes provision for the revivor of judgments upon the death of either or both parties thereto. It says:

"If either or both parties die after judgment and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment, and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

In *Halsey v. Van Vliet*, 27 Kan. 478, the supreme court say, in referring to this provision: "'May' means 'must' or 'shall' when used in such connection." Under the decision in *The State v. McArthur, supra*, the order of sale in this case was issued upon a judgment. The judgment had not been revived nor was it revived at the time of the trial of this case; a judgment of revivor must have been made to render the execution of any validity. The order of sale is a special execution. In *Halsey v. Van Vliet*, supra, it is said that a writ issued upon such a judgment is void; is an absolute nullity; that a sale made under it is void and passes no title; that it can be challenged in any collateral

way, and, being an absolute nullity, is powerless to up-hold the sale and powerless to keep the judgment alive.   On page 480, the court further say : ''Where the judgment ran directly against the land, as in an action of ejectment or an action to foreclose a specific lien, then it would be proper to make the heirs or the purchaser parties to the revivor.''   This is in accord-ance with the old practice under the writ of *scire facias*.   See Freeman on Executions, volume 1, chap-ter 8, sections 81, 83, and 86.   We conclude that a re-vivor was necessary.

It is next contended that even if a revivor was nec-essary under ordinary circumstances, being an im-possibility in this case, it ought not to be required. There is nothing cited to support this contention. There is nothing disclosed in the record to justify the position of counsel, as we understand the law.   If counsel for the plaintiff, Amidon, in the action of foreclosure, betrayed his trust, that would not relieve either Amidon or those claiming under him the bene-fits of the judgment from following the law.

It is next contended that the bringing of the action to quiet title constitutes a revivor.   In support of this, we are referred to the case of *Kothman v. Skaggs*, 29 Kan. 5.   There is no similarity between the cases. The judgment could not be revived without the con-sent of Pope.   Bringing the action to prevent Amidon and his heirs from having any benefit under the pro-ceeding in itself negatives the idea of consent.

Our conclusion is that the sheriff's deed was abso-lutely void and that the plaintiff in error could claim nothing thereunder.

As to the tax deed, the defects upon the face of it were sufficient to defeat it.   It was not necessary that the regularity of the proceeding supporting the deed

should be put in issue by a verified answer or denial. It was void on its face, under the rule laid down in *Reed v. Morse,* 51 Kan. 141, 32 Pac. 900.

Lastly, it is objected that the decree quieting the title was made absolute when it should have been made contingent upon the repayment of taxes to the plaintiff in error.   In answer to this, counsel for the defendant in error say that the right of the plaintiff in error to repayment of taxes was not ruled upon by the trial court, and not otherwise disposed of, and ought not to be noticed by this court.

We think the decree necessarily precludes the plaintiff in error as to this tax lien given by the statute and is contrary to its intent.   The decree quieting title ought to have been made contingent upon the repayment of taxes paid by the plaintiff in error for the benefit of the defendant in error.

The case will be remanded to the district court with directions to ascertain the amount of taxes, charges and interest to which the plaintiff in error is entitled under the statute, and so modify the decree as to protect her lien therefor.