Note.—See under (1) 38 Cyc. p. 1576; 26 R. C. L. p. 1068; 3 R. C. L. Supp. 1491; 4 R. C. L. Supp. p. 1694; 5 R. C. L. Supp. p. 1438; 6 R. C. L. Supp. p. 1581.

---

**RHODES, et al. v. BERRYHILL, Ex'x, et al.**

No. 17616. Opinion Filed April 10, 1928.

(Syllabus.)

**Mortgages—Foreclosure—Death of Plaintiff After Judgment and Before Sale—Effect of Order Reviving Action.**

Where, in an action pending, judgment is rendered upon certain notes, foreclosing a mortgage given to secure the notes, and ordering the mortgaged property sold to satisfy the judgment at the expiration of six months without appraisement as provided by the mortgage, and thereafter the original plaintiff dies, the action will be regarded as one still pending, in which further judicial action is required, and where an order is made, with consent of the defendants, within one year after such death and before the sale of the mortgaged property and confirmation there of, reviving the action in the name of the personal representative of the deceased plaintiff, such order revives all prior proceedings, including the judgment theretofore rendered.

Commissioners' Opinion, Division No. 2

Error from District Court, Okmulgee County; James Hepburn, Judge.

Motion by John P. Rhodes and Pearl Inez Rhodes to vacate certain sale proceedings under a mortgage foreclosure in favor of Theodore Berryhill, deceased, on the ground that the judgment was never revived. Motion overruled in favor of Rilla Belle Berryhill, executrix, and Bank of Mounds, from which movants appeal. Affirmed.

Herbert E. Smith, for plaintiffs in error.

Gilder & Rose, for defendant in error Bank of Mounds.

Hughes, Foster & Ellinghausen, for defendant in error Rilla Belle Berryhill.

JEFFREY, C. This suit was begun in the district court of Okmulgee county on February 11, 1924, by Theodore Berryhill, as sole plaintiff, to recover a personal judgment against John P. Rhodes and Pearl Inez Rhodes upon promissory notes aggregating $26,500, and to foreclose two mortgages given to secure said notes, and covering 560 acres of land particularly described in the petition. Several other parties were named as defendants in the petition, in which it was alleged that they claimed some right, title, and interest in and to the land covered by the mortgage, and asked that they be required to set up what interest, if any, they had in the premises. Some of the parties disclaimed; others answered, and some filed cross-petitions asking affirmative relief. John P. Rhodes and Inez Rhodes, who will herein be designated as defendants, did not appear or file any pleading. On May 3, 1924, the defendants being in default, a judgment was rendered in favor of plaintiff and against defendants for the principal amount of the note sued upon, foreclosing the mortgage and directing that an order of sale be issued to the sheriff commanding him to advertise and sell according to law, without appraisement, the lands and tenements described in the mortgage, said mortgage containing the words "appraisement waived". During September, 1924, the plaintiff, Theodore

Berryhill, died. On February 20, 1925, a motion was filed by Rilla Belle Berryhill, suggesting the death of Theodore Berryhill, reciting that she had been duly appointed executrix of plaintiff's estate, and asking the court to revive the action in the name of Rilla Belle Berryhill, executrix. On the same date, an order was duly signed and filed, reciting the filing of the motion, the death of the original plaintiff, the appointment of Rilla Belle Berryhill, as executrix of plaintiff's estate, and ordering the action revived in the name of Rilla Belle Berryhill, executrix of the estate of Theodore Berryhill, deceased. This order bore the following indorsement: "O. K. John P. Rhodes, Pearl Inez Rhodes, defendants."

On March 9, 1925, the Bank of Mounds, one of the parties defendant, having filed an answer and cross-petition asking for judgment against Rhodes and wife on a promissory note in the principal sum of $4,155, and for foreclosure of a second mortgage on the lands included in the Berryhill mortgage, judgment was rendered accordingly, adjudging the mortgage to be junior and second to the Berryhill mortgage.

On August 3, 1925, Rilla Belle Berryhill, as executrix of the estate of Theodore Berryhill, deceased, filed a praecipe with the court clerk for an order of sale and execution to be issued to the sheriff of Okmulgee county for the sale of the mortgaged premises, and on September 5, 1925, said lands were sold by the sheriff and purchased by the said Rilla Belle Berryhill as judgment creditor for $15,000. On the same date the executrix filed her motion to confirm said sale, which was accordingly done by judgment and order of the court on September 14, 1925, and deed was executed on September 28th, following.

On September 28, 1925, the security having been exhausted by the sale under the first mortgage, cross-petitioner, the Bank of Mounds, filed its praecipe for a general execution to issue to the sheriff of Okmulgee county, commanding him that of the goods and chattels of the defendants he cause to be made the sum of $4,150 debt, interest, attorney's fee and cost. For want of goods and chattels, the sheriff levied upon the individual lands of Pearl Inez Rhodes, she having signed the notes sued upon, and judgment having been rendered against her. These lands were sold upon execution and purchased by the bank as judgment creditor for $1,600, which sale was later confirmed and sheriff's deed executed.

On December 31, 1925, defendants filed their motion to vacate all proceedings in favor of the executrix of the estate of Theodore Berryhill, subsequent to the judgment of May 3, 1924, and all proceedings in favor of the Bank of Mounds after the rendition of judgment in its favor, on the ground that the judgment in favor of Theodore Berryhill had not been properly revived, and by reason thereof all sale proceedings had thereon were void, and for the further reason that the action was revived without the consent of or notice to Pearl Inez Rhodes. The execution and sale proceedings in favor of the Bank of Mounds were alleged to be void for the reason that the sale under the first mortgage was void; and that the bank's mortgage security had not been exhausted when it seized and sold the lands of Pearl Inez Rhodes, which were not included in its mortgage. On March 6, 1926, a hearing was had upon defendants' motion, and judgment was rendered overruling said motion, from which ruling defendants have appealed. The rights of none of the parties defendant, other than Rhodes and wife, are involved in this appeal.

Defendants first contend that the order, even though agreed to, does not revive the judgment rendered in favor of Theodore Berryhill against them on May 3, 1924. In other words, it is contended that the revivor of the action subsequent to judgment, and before the sale of the property and the order confirming sale, does not include the judgment on the notes and decree foreclosing the mortgage. Section 842, C. O. S. 1921, is as follows:

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

Section 831 provides the manner in which actions shall be revived. If the order is made by the consent of the parties the action shall forthwith stand revived; and if made without consent, notice of the application for such order shall be served in the same manner and returned at the same time as a summons. The order of revivor was made before the expiration of one year from the date of the death of the original plaintiff. It is conceded by counsel for all parties that the judgment must be revived before a valid order of sale can be issued and sale had. But counsel for executrix say that the action in this case was still pending

and further judicial action was required in the suit, and for that reason a revivor of the action revived all proceedings had therein, including said judgment. We do not find that the exact situation has been before this or any other court for determination. It may be well to consider briefly the purpose of the sections of the statute here under consideration. The reason for requiring an action or a judgment to be revived is that the debtor, whose property is subject to levy and sale, is entitled to ascertain from an inspection of the record in the case to whom payment of the debt may legally be made. Hence, when the owner of a judgment dies, all proceedings for its enforcement ought to be held in abeyance until some person in being is substituted, with whom the debtor may treat regarding the satisfaction of the judgment. Our statutes on revivor were taken from the Kansas statutes, and this is the construction given them by the Supreme Court of Kansas. Selley v. Johnson, 61 Kan. 337, 59 Pac. 631. It would seem that where the action is still pending, awaiting further judicial action, a revivor of the action in the name of a personal representative of the deceased judgment creditor would give the judgment debtor all the information desired as to who had legal authority to enforce the orders and judgments made prior to the death of the party and revivor of the action. John P. Rhodes, one of the defendants, knew, at the time he gave his consent to the revivor of the action, that a judgment had been rendered against him, and it was certainly his intention that the judgment should be made operative by the order of revivor.

Many authorities hold that a suit or action will be considered as a pending action until the judgment rendered therein has been satisfied. In this case the judgment not only had not been satisfied, but further judicial action was required before anything could be realized from the mortgage foreclosure. The land had not been sold at the time the action was revived, and when it was sold the proceedings had to be submitted to the court for confirmation or rejection. The action was certainly still pending. Lough v. Pitman, 25 Minn. 120; Wegman v. Childs, 41 N. Y. 159; Ulshafer v. Stewart, 71 Pa. 170; Gates v. Newman, 13 Ind. App. 392, 46 N. E. 654.

If the action was still pending and awaiting further judicial action, we can see no valid reason why a revivor of the action would not revive all prior proceedings in the name of the executrix, including the judgment of May 3, 1924. An examination of the applicable sections of the statute discloses no contrary intention.

It is next contended that neither the action nor judgment has ever been revived as to the defendant Pearl Inez Rhodes, and that both sale proceedings were therefore void. Evidence was offered in support of the motion on this question. We observe two reasons why this contention is not good. In the first place, the land included in the mortgage to Theodore Berryhill was owned by John P. Rhodes and not by Pearl Inez Rhodes, nor was it a homestead, and her consent to a revivor of the cause of action or of the judgment was not necessary. As to whether she consented to a revivor of the action, the evidence was conflicting. There was some testimony tending to establish the fact that she did consent to the revivor. John P. Rhodes testified that he and his wife talked the matter over, and agreed to do whatever John Ellinghausen advised; that John Ellinghausen advised them to consent to the revivor, and that he signed his name and that of his wife to the order. The court found that she consented to the revivor, and were it necessary to a determination of the appeal, we would feel bound by the judgment of the trial court. It will be observed that as between the Bank of Mounds on the one hand and the defendants on the other, none of the parties had died. The first mortgagee was not a necessary party in the determination of the rights between them, and there was no necessity for a revivor as to the bank.

We find no error in the proceeding, and the judgment of the trial court is affirmed.

BENNETT, TEEHEE, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 1 C. J. p. 207, §399; 1 R. C. L. p. 38, 1 R. C. L. Supp. p. 24; 4 R. C. L. Supp. p. 3.