WM. A. DAVIS, JR., as Ancillary Executor of the last Will and Testament of W. A. Davis, deceased, and LURA S. DAVIS, *Appellants,* v. ELSIE GILE SCOTT, a widow, *Appellee.*

En Banc.

Opinion filed February 6, 1929.

*A. B. & C. C. Small* and *Wallace Ruff,* for Appellants;

*Burwell, Barrett & Sibley,* for Appellee.

TERRELL, C. J.—This appeal is from an ordinary foreclosure decree and from the decree confirming the sale of the lands foreclosed against.

It is contended here that the decree confirming the sale of the lands foreclosed against is erroneous because, (1) the main defendant died prior to the entry thereof though subsequent to the final decree, and no one had been substituted as a party defendant in his stead, (2) under Section 3734 Rev. Gen. Stats. of Fla., (Sec. 5605 Comp. Gen. Laws of Fla.) administrators are given six months to pay the debts of the deceased whom they represent, and (3) the master's report was irregular and amounted to a nullity.

It is well settled that a suit of this kind abates on the date of the death of the main defendant but in this case final decree of foreclosure had been entered before the death of the main defendant and there is no attempt whatever on the part of the appellant to show that such final decree or the decree confirming the sale was unjust, irregular, illegal, or deprived him of any legal right. The assignment with reference to the master's report does not appear to be supported by the record nor is it shown that Section 3734 R. G. S. of Fla. is violated.

The decree below is therefore affirmed.

Affirmed.

WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, J., not participating.