RAY v. ELSON et al.

No. 30359. Jan. 27, 1942.

Rehearing Denied March 3, 1942.

*123 P. 2d 245.*

P. D. Erwin, of Chandler, for plaintiff in error.

Ira Billingslea, of Chandler, for defendants in error.

OSBORN, J. This is an appeal from an order confirming a sale of real estate pursuant to an action for the foreclosure of a real estate mortgage.

The action was instituted in the district court of Payne county by Olive Elson and Stella E. Nash, hereinafter referred to as plaintiffs, against T. H. Ray and other defendants to foreclose a real estate mortgage executed by said defendants, who were the heirs of Mary A. Ray, deceased, from whom they inherited the land involved herein. ·One of said heirs was Jessie Ray Filkins, who had inherited a one-fourth interest in the land. Her husband, E. C. Filkins, was joined as a party defendant. Prior to the commencement of the action Jessie Ray Filkins died and her interest in the land descended one-half to her husband, E. C. Filkins, and a one-sixth interest each to her three brothers. All of these parties were named as defendants in the action. Final judgment decreeing the foreclosure of the mortgage and the sale of the mortgaged property was entered October 25, 1939. The order of sale was issued September 26, 1940. The property was advertised and sold on November 6, 1940. A motion to confirm the sale was filed, and defendant T. H. Ray filed objections to said confirmation on the ground that E. C. Filkins had died prior to the issuance of the execution and order of sale, and that there had been no revivor of the judgment against his heirs or representatives.

Certain evidence was presented upon this issue. Witnesses testified that Filkins died in the summer or fall of 1939, but were unable to state the exact date of his death. One witness testified that it was probable that he died prior to October 25, 1939, the date of the judgment. Since there was no positive proof that Filkins died prior to the entry of judgment, we are forced to proceed upon the assumption that the death of Filkins occurred after the entry of final judgment but before the issuance of the order of sale.

There is some question as to whether or not this issue is properly presented in this proceeding, but due to the importance of the question and due to the fact that it is one of first impression in this jurisdiction, we have elected to pass upon the merits of the controversy rather than the procedural question.

Section 589, O. S. 1931, 12 Okla. St. Ann. § 1077, is as follows:

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

This statute was adopted by Oklahoma Territory from the State of Kansas, and our decisions disclose an inclination to follow the construction placed thereon by the Kansas court. See Drew v. Thurlwell, 173 Okla. 405, 48 P. 2d 1066, 100 A.L.R. 806, and authorities therein cited. The Supreme Court of Kansas has twice held that where a sole plaintiff in an action to foreclose a real estate mortgage died subsequent to the entry of final judgment and prior to the sale of the property and where there was no revivor of the judgment under such circumstances, the sale was void, no title was conveyed, and the sale proceedings were vulnerable to collateral attack. Seeley v. Johnson, 61 Kan. 337, 59 P. 631; Havens v. Pope, 10 Kan. App. 299, 62 P. 538. In the case of Rhodes v. Berryhill, 130 Okla. 211, 266 P. 467, we held that on account of the death of a sole plaintiff in an action for foreclosure of a real estate mortgage after judgment had been entered and prior to the issuance of an order of sale, a revivor was proper. It was pointed out that it was necessary to hold the proceeding in abeyance until some person was substituted for the plaintiff with whom the debtor might treat with regard to the satisfaction of the judgment. Although in each of these cases the court was concerned with the death of a plaintiff rather than the death of a defendant, as in the instant case, the above-quoted statute applies to "either or both parties," and, as pointed out by the Kansas court, no distinction is made between a revivor in the case of the death of the defendant and that of the plaintiff. See Seeley v. Johnson, supra. We think, however, that for obvious reasons there is a difference between a case wherein a sole plaintiff dies subsequent to final judgment and where one of several defendants dies after the entry of a judgment foreclosing a real estate mortgage.

The Kansas court, in the case of Havens v. Pope, supra, pointed out that there were authorities contrary to the view which it adopted, but its decision was predicated wholly upon the statute, identical in language with our own statute hereinabove quoted. In order to determine whether or not we should follow the Kansas court, it is necessary to make further examination of our own statutory law with regard to the precise point involved. Section 1246, O. S. 1931, 58 Okla. St. Ann. § 346, the same being a portion of our Probate Code, provides as follows:

"When any judgment has been rendered for or against the testator or intestate in his lifetime, no execution shall issue thereon after his death, except:

"1. In case of the death of the judgment creditor, upon the application of his executor or administrator, or successor in interests.

"2. *In case of the death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon.*

"A judgment against the decedent for the recovery of money, must be presented to the executor or administrator, like any other claim. If the execution is actually levied upon any property of the decedent before his death, the same may be sold for the satisfaction thereof, and the officer making the sale must account to the executor or administrator for any surplus in his hands."

It is noted that a specific exception to the prohibition against the issuance of an execution after the death of a party is made in the case of a judgment for the enforcement of a lien upon real or personal property. This statute does not appear in the Probate Code of Kansas. South Dakota has an identical statute whch was adopted by that state from California, according to the opinion of the Supreme Court of South Dakota in Yankton Sav. Bank v. Gutterson, 15 S. D. 486, 90 N. W. 144. It devolves upon us, therefore, in determining this question to give proper consideration to the spirit and purpose of the above-quoted section in connection with the provisions of section 589, supra.

In the early California case of Cowell v. Buckelew, 14 Cal. 640, it was held:

"Where plaintiffs obtained a decree in a foreclosure suit against husband and wife, the mortgage being executed by them, and the decree being in the usual form, for the amount due, sale of the premises, application of the proceeds, and execution against the property of the husband for any deficiency; and after the entry of the decree the husband died, *held*, that the plaintiffs were entitled to an order of sale upon the decree, nothwithstanding the death of the husband, but not to execution for any deficiency."

It does not appear that California has departed from the above ruling. See 18 Cal. Jur., sec. 765, p. 546.

In the case of Whiting, etc., v. Bank of United States, 13 Pet. (U. S.) 6, 10 L. Ed. 33, it was held that after a decree of foreclosure of a mortgage and a sale, and where the death of the defendant takes place after entry of the decree, it is not necessary to revive the proceedings against the heirs of the deceased party before a sale of the property can be made.

In the case of Wing v. De La Rionda, 125 N. Y. 678, 25 N. E. 1064, it was held:

"An order for carrying out a judgment of foreclosure may be made after the death of the defendant mortgagor, without reviving the action against his heirs or representatives."

In the case of Fowler v. Bank of Americus, 114 Ga. 417, 40 S. E. 248, it was said:

". . . It was held as early as Butt v. Maddox, 7 Ga. 495, that judgments on the foreclosure of mortgages are not within the dormant judgment act, and this ruling has been since consistently followed. This is so because such a judgment creates no lien. The lien of a mortgage arises by the contract of the parties in executing the same, and the judgment of foreclosure, the execution issued thereon, and the levy do not aid the lien, but only the enforcement of the same. The judgment of foreclosure is merely an order authorizing the sale of the specific property mentioned in the mortgage in satisfaction of the lien therein created, and consequently does not, like an ordinary judgment from which a lien arises, become dormant under the statute declaring that ordinary judgments shall become dormant under certain conditions. In this connection see Wall v. Jones, 62 Ga. 728; Stiles v. Elliott, 68 Ga. 83. . . ."

In the case of Kellogg v. Tout, 65 Ind. 146, it was said:

". . . When there is a decree of foreclosure of a mortgage, and no personal judgment for any deficiency, and no execution issued thereon before the death of the mortgagor, an action will not lie to revive the judgment, upon the ground that it is unnecessary, as the execution may be issued and the sale made after the death of the judgment defendant, without revivor. Hays v. Thomae, 56 N. Y. 521. Rapallo, J., in delivering the opinion of the court in the case, said:

" 'We think that this action was unnecessary. The decree made and entered before the death of the mortgagors could be executed notwithstanding their death, and binds all persons claiming any interest under them. It is to be enforced only by a sale of their interest in the property. No part of it is to be enforced in personam. . . .' "

In the case of Trenholm v. Wilson, 13 S. C. (Shand.) 174, it was said:

"This was an application by a purchaser at a sale under a decree for foreclosure to be let into possession, and was resisted by the tenant in possession.

"The mortgagor died after decree of foreclosure, and his widow has retained possession of the mortgaged premises since his death. The widow claims that she is entitled to dower in the premises and that she cannot be ousted until her dower is assigned. She also objects that there has been no revival of the suit since the decree, and for that reason the sale was invalid and the purchaser not entitled to be let into possession. The circuit judge refused the motion and the purchaser appeals.

"The decree of foreclosure, rendered during the lifetime of the mortgagor, binds all parties to the suit and all others who have acquired an interest in the mortgaged lands since the notice of lis pendens. The widow claims the title in herself. Her possession of the mortgaged premises appears to have been obtained since decree and by the death of her husband. So far as the execution of the decree involved only the sale of the mortgaged premises, it was capable of being enforced after the death of the mortgagor, and without revivor, being in the nature of a proceeding in rem. Hays v. Thomae, 56 N. Y. 521; Harrison v. Simons, 3 Edw. Ch. 394."

In the case of Davis v. Scott, 96 Fla. 148, 120 So. 1, it was held:

"Final decree of foreclosure and decree confirming sale held valid, where death of main defendant occurred between entry of final decree and confirmation of sale. . . ."

Section 2029, vol. 3, Jones on Mortgages (8th Ed.) is, in part, as follows:

"A judgment for foreclosure and sale without any provision as to a deficiency may be executed notwithstanding the death of the mortgagor. It is to be enforced against the property and not against the person. There is no occasion to revive it or to bring in new parties."

Section 5196, vol. 10, Thompson on Real Property (Per. Ed.) is, in part, as follows:

"After the death of the defendant mortgagor, the court may make an order providing for carrying out a decree of foreclosure without reviving the action against his heirs or representative; but it has been held that an order of sale issued after the death of the plaintiff in foreclosure was void, where no revivor was had, and that the purchaser thereunder acquired no title to the land sold."

In support of the proposition that the sale was void where no revivor was had, the author cites as sole authority the Kansas case of Havens v. Pope, supra, hereinabove referred to.

A number of authorities in harmony with those above cited are collected in an annotation in 61 L.R.A. 375.

The State of Nebraska has a statute identical with our section 589, supra (sec. 201419, Comp. Stat. Neb. 1929). While the exact question involved herein has not been determined by the Nebraska court, it has been the uniform holding of that court that "an order of sale, a sale, and a confirmation of the sale, made after the death of a party to a foreclosure suit, subsequent to the decree, are impervious to collateral attack." Omaha Nat. Bank v. Ferguson, 99 Neb. 131, 155 N. W. 220; Jennings v. Simpson, 12 Neb. 558, 11 N. W. 880; McCormic v. Paddock, 20 Neb. 486, 30 N. W. 602.

It appears that the Kansas case of Seeley v. Johnson, supra, was given due consideration by the Nebraska court, but it was not followed, since the Kansas court held that a sale had under the circumstances above stated was a nullity, conveyed no title, and was vulnerable to collateral attack. It appears that the question of whether or not such a sale was open to collateral attack was before the Circuit Court of Appeals for the 8th Circuit in the case of Childs v. Ferguson, 181 Fed. 795, which case arose in Nebraska. While the issue of law before the court was in some respects different from the issue of law presented here, the facts were identical and the following comment of the court is pertinent:

"When a mortgagor dies after he has appeared, answered, presented his evidence and arguments, and the court has decided his case and ordered a sale of the mortgaged property to satisfy the liens the mortgages evidence, those who

acquire his property by his death take it subject to that decision and to those liens. If the mortgagor conveys his title and interest, it is unnecessary to make his grantee a party to the suit, or to notify him of the decree or the subsequent proceedings to apply the land to the payment of the liens; and why should one to whom the title passes by descent without consideration have greater rights than one to whom it goes by purchase? It is said that the decree in this case provides for a judgment for a deficiency after the sale, and that such a judgment cannot be rendered without notice to the parties to be charged thereby. Conceding, without deciding, that this position may be tenable, and that such a judgment would be beyond the jurisdiction of the court, it does not follow that the sale of the real estate to satisfy the lien upon it, which was adjudicated by the decision of the court, is not within that jurisdiction; and, although decisions upon the latter question are conflicting (Seeley v. Johnson, 61 Kan. 337, 341, 59 P. 631, 78 Am. St. Rep. 314; Halsey v. Van Vliet, 27 Kan. 474, 482) there is very respectable authority to the effect that the proceedings for such sales are far within the jurisdiction of the court and are valid. (Whiting v. United States Bank, 38 U. S. 6, 12, 13, 14, 15, 10 L. Ed. 33; Harrison v. Simons, 3 Edw. Ch. (N. Y.) 394; Hays v. Thomae, 56 N. Y. 521, 522; Smith v. Joyce, 14 Daly (N. Y.) 73, 75; Wing v. De La Rionda, (City Ct. Brook.) 5 N. Y. Supp. 550; Id., 125 N. Y. 678, 680, 25 N. E. 1064."

As heretofore stated, it has been the general policy of this court to follow the Kansas decisions which have construed the provisions of section 589, supra, but we departed from this policy in the case of Gray v. Marrs, 184 Okla. 595, 89 P. 2d 316, 122 A.L.R. 747, in which case we refused to follow the Kansas decisions holding that revivor of judgment was necessary after the death of one member of a copartnership where the partnership was the judgment creditor. It necessarily follows, therefore, that section 589, supra, is a statute of general application only, to which there are certain specific exceptions.

We have repeatedly held in this jurisdiction that after a decree of mortgage foreclosure has been entered its enforcement is accomplished by the issuance of a special execution which must conform to the order of the court. Paschal Investment Co. v. Atwater, 174 Okla. 356, 50 P. 2d 357; Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 P. 486; Price v. Citizens State Bank, 23 Okla. 723, 102 P. 800. We direct attention to the particular language used in section 589, supra, to the effect that "if either, or both, parties die after judgment, and before *satisfaction* thereof, their representatives, . . . may (must) be made parties to the same. . . ." It is noted that there is a substantial difference between the "satisfaction" of a judgment and the "enforcement" of that portion of a judgment providing for a sale of mortgaged property. If the proceeds of such sale did not equal the amount of the judgment, it would not be satisfied. Satisfaction of a judgment contemplates the issuance of a general execution against all of the property of a judgment debtor not exempt from seizure, and a seizure and sale of so much of said property as is necessary to fully satisfy the judgment by payment of the same, together with all the costs. This construction of the statute is in harmony with the overwhelming weight of authority holding that revivor of judgment is not necessary to the issuance of a valid order of sale of the mortgaged property and is likewise harmonious with the provisions of section 1246, supra. We are concerned here only with the validity of the sale of the property. The right of plaintiffs to proceed with the collection of a deficiency judgment is not now before us. We hold that said sale is valid and that the trial court did not err in overruling the objections to the confirmation of sale.

Various other propositions presented by the movant have been examined and are without merit.

The judgment is affirmed.

CORN, V.C.J., and RILEY, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and HURST, J., dissent.