THE UNITED HARDWARE-FURNITURE COMPANY, A COR-
PORATION, *Plaintiff in Error,* v. K. A. BLUE, *Defendant in Error.*

1. No-contract for the sale of any personal property, goods, wares or merchandise shall be good, unless the buyer shall accept the goods (or any part of them) so sold and actually

receive the same, or give something in earnest to bind the bargain, or in part payment, or some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized.

2.  In order to bring a contract for the sale of goods within this exception, it is necessary that the goods should have been received and also accepted by the buyer. Even the delivery of goods to the buyer, or the receipt of them by him, without an acceptance is not sufficient. Some act or conduct on the part of the buyer or his authorized agent, maintaining an intention to accept the goods as a performance of the contract, and to appropriate them, is required to supply the place of a written contract, or payment or part payment.

3.  A common carrier, whether selected by the seller or the buyer, to whom goods are intrusted without instructions to do anything but to carry and deliver them to the buyer, is no more than an agent to carry and deliver the goods, and has no implied authority to do the act required to constitute an acceptance and receipt on the part of the buyer and to take the case out of the statute of frauds.

4.  To give an account rendered the force of an account stated because of silence on the part of the party sought to be charged, the evidence must show the rendition of the account to the defendant.

5.  The plaintiff's usual custom of sending out statements to different parties, including the defendant, the first of every month, showing the goods bought during the preceding month and the balance remaining over is not sufficient to establish the fact that certain bills in question were rendered to defendant.

6.  The entry in the seller's account-book is not a memorandum signed by the party to be charged within the meaning of the statute of frauds.

7.  The court makes a harmless error in sustaining an improper objection to a question, where the witness had already given an answer to the question.

8.  Before counsel may be heard to complain of the action of the court in proceeding to judgment, notwithstanding his offer to introduce further testimony, he should have disclosed to the court what that testimony was and before this court may review it, the bill of exceptions should set it forth.

9.  Testimony offered by the plaintiff having been heretofore admitted in evidence and afterwards properly stricken, the court did not err in refusing to allow a repetition of it.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for Plaintiff in Error;

*L. W. Blanton* and *C. E. Davis,* for Defendant in Error.

PARKHILL, J.—The plaintiff in error sued the defendant in error in the Circuit Court for Taylor County, the declaration containing the common counts. The plea was never indebted. Pending the taking of testimony, the plaintiff took a non-suit and, under the provisions of Section 1697 of the General Statutes of 1906, comes here by writ of error for relief from the final judgment therein.

The testimony tends to show that the plaintiff conducted a general hardware and furniture business in Perry, Taylor County, Florida. The defendant lived in North Carolina, but owned and operated a sawmill at Shady Grove, or Luther, in Taylor County, Florida, one D. A. Blue, Jr. being his agent in charge of the mill. Sometime during the summer of 1907, D. A. Blue, Jr., at three different times ordered or bought from the plaintiff

a circular saw, a conveyor outfit and a piece of Gandy belting. The order was not in writing, a verbal arrangement between the plaintiff and defendant's agent. Not having the goods in stock, of which fact the agent of the defendant had knowledge, the plaintiff ordered the same shipped to the defendant by other parties and paid for them. Blue, the agent, directed the plaintiff to have the goods shipped to K. A. Blue. The defendant has never paid for the articles in question here. The plaintiff's book of original entry shows that on August 12th, 1907, there was charged thereon to K. A. Blue 1 52″ Circular saw, $78.25.

The plaintiff introduced in evidence the following order:

"Order No. 156.                          7/18. 1907.

M.          E. C. Atkins & Co.

Ex. to K. A. Blue,

At Shady Grove, Fla.

How Ship, Express.  When ——————————

Terms ———————

1 inserted tooth circular saw, 52″ diam. 44 teeth, right hand, gauge 8 or 9 Hole Std. Lng pin holes std.  600 to 650 Rev. Express to K. A. Blue, Shady Grove, Fla. Expense United Hdw. Furn. Co., Perry, Fla.  Will appreciate prompt attention.  Our customer needs the saw to-day."

J. L. Wagnar testified that he was the shipping clerk for E. C. Atkins & Company of Indianapolis, Indiana; that on the 6th day of August, 1907, he made a shipment as agent for said E. C. Atkins & Co. to K. A. Blue, Shady Grove, Florida, by order of the United Hardware-Furniture Company, the plaintiff here, the shipment consisting of one case, circular saw; that he delivered the same to a common carrier, the express company, properly marked and addressed, and such directions

given as would indicate who was the consignee and where it was to be delivered to the consignee by such express company.

We will not undertake to follow the other shipments, the one already mentioned sufficiently raising the question here presented.

The plaintiff in error contends that the court erred in holding that the plaintiff had not shown a valid written contract or memorandum thereof signed by the defendant, nor an acceptance and actual receipt of the goods.

"No contract for the sale of any personal property, goods, wares or merchandise shall be good, unless the buyer shall accept the goods (or part of them) so sold *and* actually received the same, or give something in earnest to bind the bargain, or in part payment, or some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunder lawfully authorized." Section 2518 of the General Statutes of 1906.

This case does not fall, as contended, within the holding in Chamberlain v. Lesley, 39 Fla. 452, 22 South. Rep. 736, "An action of assumpsit for money paid is maintainable in all cases where the plaintiff has paid money to a third party at the request, express or implied, of the defendant, with an understanding, express or implied, on his part to repay it." Neither is it a case where one as agent buys for a principal, an agreement between them not being within the statute. 20 Cyc. 241; Wiger v. Carr, 131 Wis. 584, 111 N. W. Rep. 657, 11 Ann. Cas. 998, note 1000. The facts here disclose a sale of goods proper, that is, a transfer of the title to the personalty in consideration of a price in money. 2 Page on Contracts 1020. The plaintiff conducting a mercantile business, sold defendant a saw; not having it in stock,

plaintiff ordered a wholesale dealer to ship it to defendant. This was done, the wholesale dealer charging it to plaintiff and plaintiff charging it to defendant.

No note or memorandum in writing of the bargain or contract for the sale of the goods in question was ever made or signed by or for the defendant; neither did he give anything in earnest to bind the bargain or in part payment. But it is contended that the defendant buyer accepted the goods so sold and actually received the same, making the contract good under the statute.

Our statute is like the seventeenth section of 29 Charles II, and in order to bring a contract for the sale of goods within this exception it is necessary that the goods should have been received and also accepted by the buyer. Even the delivery of goods to the buyer, or the receipt of them by him, without an acceptance is not sufficient. Hinchman v. Lincoln, 124 U. S. 38, 31 L. Ed. 337, 8 Sup. Ct. Rep. 369. Some act or conduct on the part of the buyer or his authorized agent, maintaining an intention to accept the goods as a performance of the contract, and to appropriate them, is required to supply the place of a written contract, or payment, or part payment. Benjamin on Sales, Paragraphs 160, 181; Schouler on Personal Property, pp. 485, 486; 2 Kent's Com. 495; Taylor on Ev. Paragraph 957; Black on Sales, 106; 29 Am. & Eng. Ency. Law (2nd ed.) 972, 974 and cases cited; Charlotte Harbor and N. Ry. Co. v. Burwell, 56 Fla. 217, 48 South. Rep. 213; Demens v. LeMoyne, 26 Fla, 323, 8 South. Rep. 442.

The plaintiff in error contends that "delivery to the common carrier was a delivery to the consignee." But our statute requires not only that the buyer shall actually receive the goods, but that he shall accept the same also. True, the acceptance and receipt of the goods may be through an authorized agent, but a common carrier

(whether selected by the ·seller or the buyer), to whom the goods are intrusted without instructions to do anything but to carry and deliver them to the buyer, as was the case here, is no more than an agent to carry and deliver the goods, and has no implied authority to do the act required to constitute an acceptance and receipt on the part of the buyer and to take the case out of the statute. 29 Am. & Eng. Ency. Law (2nd ed.) 988. So, it has not been shown that the defendant received and accepted the goods or any part of them so as to make the contract good under the statute.

The entry in the plaintiff's account book was not a memorandum signed by the party to be charged within the meaning of the statute.

Even if proof of an account stated, under the circumstances of this case, could suspend the statute of frauds; (1 Ency. L. & Pr. 710; 1 Cyc. 368;) the evidence does not make out an account stated.

To give an account rendered, the force of an account stated because of silence on the·part of the defendant, the evidence must show the rendition of the account to the defendant. 1 Ency. L. & Pr. 700, 705; 1 Ency. of Ev. 160; Lockwood v. Thorne, 18 N. Y. 285; Clark v. Marbourg, 33 Kan. 461, 6 Pac. Rep. 548; Daytona Bridge Co. v. Bond, 47 Fla., 136, 36 South. Rep., 445.

J. H. Jones, the only witness testifying on this point said: "I never did present a bill to K. A. Blue for these articles enumerated in the bill of particulars. It was not my duty. I do not know as to whether my concern ever presented a bill prior to the bringing of this suit." The plaintiff's usual custom of sending out statements to different parties, including the defendant, the first of every month, showing the goods bought during the preceding month and the balance remaining over, is not sufficient to establish the fact that bills in question were ren-

dered to defendant. Davis v. Fromme, 48 N. Y. Supp., 474, 23 App., Div., 498.

J. H. James, President of the United Hardware-Furniture Company testified that the said company paid for the conveyor outfit, the Gandy belt and the circular saw. He was asked, do you know what they paid for the Gandy belt? He answered, "No sir, only by reference." The defendant objected to this line of examination. The court sustained the objection and refused to allow said examination to be proceeded with "on this line of examination." The witness afterwards said that he had the book of original entry where these articles were charged and introduced the book in evidence showing charges for the Gandy belt to be $66.71, and the witness had already testified that the plaintiff company paid for said belt. There is no error here.

The witness was asked, "Did your company have any use for these articles and would they have needed them at all had it not been for the order received from K. A. Blue for them?" An objection was sustained, but as the witness had just stated, "my company would not have made these orders for these items had it not been for the orders received for them from K. A. Blue," the defendant was not harmed by the ruling, and the court made no reversible error thereby.

The court did not err in refusing to allow plaintiff to introduce further testimony after it had rested its case, and after the court struck the testimony. Before counsel may be heard to complain of the action of the court in proceeding to judgment notwithstanding the offer to introduce further testimony, he should have disclosed to the court what that testimony was, and before this court may review it the bill of exceptions should set it forth. Franklin v. Matoa Gold Mining Company, 158 Fed. Rep. 941, 14 Ann. Cas. 302.

The testimony offered by the plaintiff having been theretofore admitted in evidence and afterwards properly stricken, the court did not err in refusing to allow a repetition of it.

There being no error, the judgment is affirmed.

All concur, except TAYLOR, J., absent on account of illness.