INTERNATIONAL KAOLIN COMPANY, AND OTHERS, *Appellants,* v. FRANCIS VAUSE, TRUSTEE, *Appellees.*

1. The thirty day limitation for the statutory supersedeas as of course does not begin to run until the recordation of the decree appealed from.

2. When an appeal is entered and bond, conditioned according to law is given and approved within thirty days of the recordation of the decree, though more than thirty days from its signing, the supersedeas is effective.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Lake County

The facts in the case are stated in the opinion of the court.

*R. L. Anderson, J. B. Gaines* and *Those. E. Wilson,* for motion.

*William Hocker,* contra.

COCKRELL, J.—In this case a rule nisi was issued by this court on October 20, 1910, on the suggestion of the appellant against Francis Vause, Thomas E. Wilson and Charles S. Edgar to show cause why they should not be adjudged in contempt of the supersedeas obtained upon the appeal herein. Upon the return day of the Rule, Vause and Edgar move to discharge the Rule and Vause and Wilson make answer.

Upon the argument the facts admitted are that a final decree of foreclosure was signed by Hon. W. S. Bullock, Judge of the Fifth Judicial Circuit for Lake County, on the 12th day of August, 1910, and delivered to counsel for the defendant Kaolin Company, but the decree was not filed with the Circuit Clerk for record until September 5th, 1910, on which date the appeal was entered to this court. On the next day an order was obtained from the Circuit Judge fixing the amount and conditions of the supersedeas bond and a bond in strict compliance with that order was filed with and approved by the Circuit Clerk on the 29th day of September, 1910.

Supersedeases are in this State, either of course if the statutory regulation be complied with, or are allowed by this court or a Justice thereof. There was no allowance in this case and the question of contempt vel non depends upon the construction of the statute as to when the time begins to run; there being no positive direct construction in any of our reported cases.

General Statutes, section 1909, reads in part: "No appeal from a final decree shall operate as a supersedeas unless said appeal be taken within the time fixed by law for taking a writ of error operating as of course as a supersedeas;" while section 1701 reads: "1. As of course—Every writ of error shall operate as a supersedeas if sued out during the session of the court at which the judgment

was rendered, or within thirty days thereafter, if within said time the plaintiff in error shall have" &c. making provision for bond and costs not necessary here to quote.

It is apparent that if the thirty days begin to run only from the recordation or entry of the decree there can be no question the filing and approval of the bond as prescribed by the court's order, the supersedeas was perfected and the parties are in contempt. This we understand to be admitted, but they contend that the time began to run when the final decree was signed by the circuit judge and delivered to the counsel for the losing party.

Right here we may refer to two decisions of this court. In Simmons v. Hanne, 50 Fla., 267, 39 South. Rep., 77, we said that the six months limitation for suing out writs of error in common law cases began when a formal final judgment was rendered in writing signed and dated by the Circuit Judge in vacation, and not from its subsequent entry and recordation by the clerk, the statute reading from the date of the judgment," while in Dees v. Cook on appeals in chancery the six months limitation does not begin to run until the recordation upon the minutes of the court, the statute reading from the "entry of such decree or order." We are asked now to hold that while the longer limitation of six months does not begin to run until recordation, yet the shorter limitation of thirty days must begin from the signing, and this too in the face of section 1900 of the General Statutes referred to in the Dees case which prohibits any steps towards the enforcement of a decree until it be recorded.

Section 1701 does not read that the thirty days shall run from the rendition of the judgment, or from its date as in Simmons v. Hanne, but from the adjournment of the "session of court at which the judgment was rendered." The legislative mind was there directed more particularly

to the terms of court for the trial of common law actions, when the judgments of the court are pronounced and recorded in the minutes of the term and signed by the judge upon the adjournment of the term, so that there was no occasion for nice choice of words; they contemplated no hiatus between the signing and recordation of the judgments. In equity, however, in general, decrees are decided and signed in chambers where there are no "sessions of court" except in the broad sense that courts of equity are always open, and we are therefore to assimilate as nearly as may be rather than to enforce an exact parallel between judgments rendered at a session of the court and decrees rendered in chambers. This difference in the conduct generally of the two branches of jurisdiction is recognized by the legislature in declaring that no process shall issue upon decrees until recorded, while it is silent as to judgments.

We are bound neither by our statutes nor by the decision in Simmons v. Hanne to cut down the limitation of thirty days so as to include therein a time when the successful party's hands are tied by legislation, but hold that the recording of the decree starts the running of the thirty days as it does the six months limitation.

In Johnson v. Turner, 44 Fla., 244, 33 South. Rep., 238, we were not considering the question now before the court and did not undertake to define the terms "rendition of such decree."

It follows that the supersedeas was in full effect when the actions complained of were taken and the motion to discharge the rule nisi is denied.

It appearing that the respondents were honest in their construction of the statutes and that they are not guilty

of wilful or contumacious contempt, no further order will be made at present, other than to mulct them for the costs of this proceeding.

All concur.