W. G. ALLEN, *Plaintiff in Error*, v. UNITED ZINC COMPANY,. *Defendant in Error.*

1. To constitute fraud, a misrepresentation must be of a specific material·fact that is untrue .and known to be so, and stated for the purpose of inducing another to act, upon which state-ment the other relies in acting to his injury.

2. Averments in pleas of mere opinions and promises and of in-definite matters are not sufficient to show fraud.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*J. W. Frazier* and *C. B. Parkhill*, for Plaintiff in Error;

*F. M. Simonton,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error brought an action against Allen on two promissory notes. Allen filed five pleas, four of which were excluded by demurrer. There was judgment for the plaintiff and on writ of error the defendant below, contends that there was material error in sustaining the demurrer to the four pleas. The notes were given for subscription to corporate stock.

In effect the excluded pleas aver that the plaintiff represented to defendant that the plaintiff corporation was prosperous; that the plaintiff corporation had sold a large amount of stock to various persons and that it all had been sold at a uniform price; that the plaintiff had developed its various mines and that valuable paying ores had been found and discovered in them and that the said mines had bid fair to be good paying mines; and that plaintiff guaranteed to this defendant that the proceeds of his notes for subscription for said stock in the said plaintiff corporation would be used for working and mining the Zinc Basin Mine, it being one of the said several mines referred to, which the said plaintiff corporation represented that it owned.

To constitute fraud, a misrepresentation must be of a specific material fact that is untrue and known to be so, and stated for the purpose of inducing another to act, upon which statement the other relies in acting to his injury. See Heathcote v. Fairbanks 60 Fla. 97; 2 Pom. Eq. Sec. 876.

The averments that the corporation represented that it was prosperous, and that plaintiff represented that it had developed its mines, and found paying ores, and that the mines had bid fair to be good paying mines, are essentially opinions and not statements of actual practical

facts. The averment that the plaintiff represented that it guaranteed that the proceeds of the notes would be used in a certain way, is a statement of a mere promise. The averment that the plaintiff represented that it had sold "a large amount" of its stock to various persons, is too indefinite to show that the representation was material.

The judgment is affirmed.

SHACKLEFORD, COCKRELL and HOCKER, J. J., concur. TAYLOR, J., absent on account of illness.