JAMES D. HURST, CHARLES F. PETERS, AND A. Z. DRYSDALE, as co-partners formerly trading and doing business under the firm name and style of HURST MOTOR COMPANY, *Appellants*, v. NATIONAL BOND AND INVESTMENT COMPANY, an Illinois corporation, authorized to do business in the State of Florida, *Appellee*.

Division B.

Opinion filed July 10, 1928.

*George W. Bassett, Jr.,* Attorney for Appellants;

*Baker, Baker & Rutherford and Martain Sack,* Attorneys for Appellee.

BUFORD, J.—In this case bill was filed to rescind a contract and to place the parties in the identical position which was occupied prior to the making of the contract.

The contract referred to was the sale, assignment, transfer and delivery of a certain retain title contract and note attached thereto. The bill alleged as grounds for the rescision of the contract of assignment that the property described in the retain title contract was never delivered to, or in possession of, the vendee who executed that contract and that the property described in the contract had prior

to the execution of that contract been sold and delivered by the vendor to another person who was a stranger to all the transactions between the parties in this suit. The bill alleged that the defendant represented to the complainant that the property described in the contract was in the possession of the vendee named in the contract and that it was a valid contract retaining the title to the property described therein; that such representation were false and untrue but that the complainant believed them to be true and, relying upon the truth of such representations, bought the contract and notes and took assignment thereof without recourse.

Under this state of facts, there being no allegation in the bill of complaint that the defendant knowingly and intentionally made false representations, the bill of complaint does not allege such a state of facts as to show that the plaintiff has an adequate, clear, certain and complete remedy at law. Allen v. United Zinc Co., 64 Fla. 171, 60 So. R. 182. It will also be observed that the contract and notes were assigned and transferred without recourse. In view of these facts, it appears that a general demurrer to the bill of complaint should have been overruled. The bill appears to be brought to relieve against the consequences of a mistake of fact, in so far as the complainant was concerned. To grant the relief prayed will put no-one in a worse position than he was before the assignment of the contract was made.

The bill does not allege either directly or by inference that the mistake was mutual. It does allege that misrepresentations were made and that the complainant was deceived thereby; that it was caused to believe that for the consideration paid it was receiving a valid assignment of title to a certain automobile, but in truth and in fact that it did not receive a valid assignment of title to that auto-

mobile. There is no allegation of fraud and none is required.

In the absence of fraud, relief will be granted in equity on the ground of a unilateral mistake where the mistaken party offers to put the other party in *status quo,* the theory being that the minds of the parties have never met in consummation of a trade under the actual existing conditions. See Miller v. Missouri Fire Brick Co., 139 Mo. Appls. 25, Good in Mercantile Co. v. Organ (Mo.) 186 So. W. R. 589; International Life Insurance Co. v. Stewart, et al. (Texas) 201 So. W. R. 1088; Belknap v. Sealey, 14 N. Y. 143, 67 Am. Dec. 120.

So it appears that the allegations contained in the bill of complaint constitute grounds for equitable relief and that the order of the chancellor overruling the demurrer should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.