THE MORTGAGE HOLDING CORPORATION, a Corporation, O. FALK and ERNEST BERGER, `Appellants, v. JOSEPH P. SUMMY and MARGARET SUMMY, Appellees.

En Banc.

Opinion filed March 30, 1929.

Petition for rehearing denied May 23, 1929.

*Whitaker, Himes & Whitaker, Taliaferro & Morris* and *Stuart & Huntley* for Appellants;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellees.

BUFORD, J.—The appellees were residents of Pinellas County, Florida. The appellant, The Mortgage Holding Corporation, a Corporation, was a corporation organized under the laws of Florida having its principal place of business at Tampa, in Hillsborough County, Florida. O Falk and Ernest Berger were each residents of Hillsborough County, Florida. The appellees held Falk's note for the sum of $10,833.33, together with other notes. The Mortgage Holding Corporation sought to sell and did sell to the appellees Fifty (50) shares of its capital stock, for which it took in payment the Falk note above referred to and agreed to pay the appellees an additional sum in money. The sale of the stock was made in the office of the corporation in Tampa, Hillsborough County, Florida. The note was assigned and delivered to The Mortgage Holding Corporation at that place. The subscription for the stock was sign-

ed at that place and the certificates of stock were delivered to the appellees at that place. Before maturity date of the note The Mortgage Holding Corporation sold and assigned it for value to Ernest Berger.

The appellees exhibited their bill of complaint in the Circuit Court of Hillsborough County against the appellants seeking to rescind the purchase and sale of the stock and the assignment of the note and to cancel the assignment of the note and to have the note redelivered to them upon the grounds: first, that misrepresentations were made as to the value and desirability of the stock, and second, upon the ground that the sale of the stock was made in Pinellas County, a county other than that in which the Corporation had its principal place of business, and that the corporation had not complied with the provisions of Sections 4060, 4066 and 4068 Rev. Gen. Stats. of Florida, and that Berger was purchaser with notice of such informities of the title to the note so held by The Mortgage Holding Corporation.

The decree was in favor of the complainants

The chancellor properly found from the evidence, "That the complainants' allegations of fraud with respect to the sale of said stock to the complainants, outside of the failure of the defendant, Mortgage Holding Company to comply with the requirements of the investment company statute, have not been sustained."

In Allen v. United Zinc Company, 64 Fla. 171, 60 So. R. 182, this Court, speaking through Mr. Chief Justice Whitfield, say:

To constitute fraud, a misrepresentation must be of a specific material fact that is untrue and known to be so, and stated for the purpose of inducing another to act, upon which statement the other relies in

acting to his injury. See Heathcote v. Fairbanks 60 Fla. 97; 2 Pom. Eq. Sec. 876.

The averments that the corporation represented that it was prosperous, and that plaintiff represented that it had developed its mines, and found paying ores, and that the mines had bid fair to be good paying mines, are essentially opinions and not statements of actual practical facts. The averment that the plaintiff represented that it guaranteed that the proceeds of the notes would be used in a certain way, is a statement of a mere promise. The averment that the plaintiff represented that it had sold "a large amount" of its stock to various persons, is too indefinite to show that the representation was material.

Section 5780 Comp. Gen. Laws of Florida, 1927, is as follows:

No contract for the sale of any personal property, goods, wares or merchandise shall be good, unless the buyer shall accept the goods (or part of them) so sold and actually receive the same, or give something in earnest to bind the bargains or in part payment, or some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized.

In C. H. & N. R. R. Co. v. Burwell, 56 Fla. 217, 48 So. R. 213, this Court say:

Where the owner of certain crushed granite offers to sell the same to a party upon whose premises the rock is located, and the latter agrees to buy the same, but there is nothing given by way of earnest to bind the bargain or in part payment, and no note or memoran-

dum in writing of the bargain or contract signed by the parties or their agents thereunto lawfully authorized, it is essential to a consummated sale under the Statute of Frauds (sec. 2518 Gen. Stats. of 1906) that the alleged purchaser should have done some act showing an acceptance of the rock; as for instance that he sold or attempted to sell or dispose absolutely of the whole or some portion of the rock, or alters its nature, or the like, and such facts must be clearly shown.

And in United H. F. Co. v. Blue, 59 Fla. 419, 52 So. R. 364, the Court, having under consideration the statute above quoted, say:

In order to bring a contract for the sale of goods within this exception, it is necessary that the goods should have been received and also accepted by the buyer. Even the delivery of goods to the buyer, or the receipt of them by him, without an acceptance is not sufficient. Some act or conduct on the part of the buyer or his authorized agent, maintaining an intention to accept the goods as a performance of the contract, and to appropriate them, is required to supply the place of a written contract, or payment or part payment.

So it is clear that the sale here sought to be rescinded was made in Hillsborough County.

Section 5994, Comp. Gen. Laws of Fla. (Sec. 4065 Rev. Gen. Stats. of Fla.) defines investment companies as follows:

Every corporation, other than municipal corporations, State and National Banks, trust companies, public utility corporations under the jurisdiction of the railroad commission of the State of Florida, and cor-

porations doing the business of insurance or surety, authorized to do business by the board of insurance commissioners of the State of Florida, and corporations not organized for profit, which are now organized, or which may be organized in this State, which shall offer for sale within the State of Florida, and outside of the county where such corporation has its principal office or place of business through any agency whatsoever, any of its stocks, bonds, debentures, certificates, policies or other securities of any kind or character, shall be known for the purpose of this Article as a domestic investment company. Any such corporation organized under the laws of any other State, Territory or Country shall be known for the purpose of this Article as a ''foreign investment company.''

From the wording of this Statute we observe that investment companies as defined only include foreign corporations and corporations which ''may be organized in this State and which shall offer for sale within the State of Florida and outside the county where such corporation has its principal office or place of business through any agency whatsoever any of its stock, etc.'' A corporation organized under the laws of the State of Florida may lawfully sell its stock in the county where it has its principal place of business without complying with those laws applicable to investment companies as defined by our statutes, and it may lawfully make such sales of its stock to citizens of that county or to citizens of any other county who may come to that county for the purpose of purchasing such stock and for the purpose of there dealing with the corporation.

There is no evidence in the record that the appellant, The Mortgage Holding Corporation, at any time offered to de-

liver any certificates of its capital stock, or that it offered to receive payment for any certificates of its capital stock, or that it entered into any written agreement for the sale of any its capital stock at any place except in Hillsborough County.

Other questions are raised by the assignments of error, but no useful purpose can be served by a discussion of such questions here, because the proof submitted fails to establish a fraud which would be ground for rescission of the contract and fails to establish that the purchase and sale of the certificates of capital stock was made in a county other than that in which the corporation had its principal place of business, and, therefore, the decree should be reversed. It is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS AND BROWN, J. J., concur.