W. L. HOUCHINS; OYSTER PROPERTIES, INC., *et al.,* v. M. W. CASE, Doing Business Under the Name of M. W. Stetler, *et vir.*

189 So. 402
Division B
Opinion Filed May 30, 1939

*J. Tom Watson,* for Plaintiff in Error;

*Baynard & Baynard* and *Jefferson D. Stephens,* for Defendants in Error.

PER CURIAM.—This case is here on writ of error to review a final judgment for the plaintiffs below entered by the Circuit Court of Pinellas County, Florida. The basis of the suit is fraud. The declaration consisted of two counts and it is contended by counsel for plaintiff in error (defendant below) that the declaration fails to state a cause of action. The material portions of count one are, viz.:

Defendants " * * * falsely and fraudulently represented unto the said plaintiff that the said units in the said Oyster Properties, Inc., were a first class and safe investment and would entitle the plaintiff to the planting and working of oyster acres, one (1) acre for each unit, and that the said Oyster Properties, Inc., had leases on large areas of oyster bottoms and was in a position to and could, and would lease and set aside certain acres of oyster bottoms for the use

and benefit of this plaintiff, and that said leases would be prepared and delivered to this plaintiff, and that the said Oyster Properties, Inc., was in a good financial condition and was doing a good and profitable business, and that said Oyster Properties, Inc., would plant, work, harvest and sell large amounts of oysters on the open market and would pay a profitable annual return on the investment in said units and working of the leased acreage bottoms; and that the financial condition of said Oyster Properties, Inc., was such that said acreage units were an absolutely safe investment, and subsequent to the 19th day of December, A. D. 1934, the said W. L. Houchins, by a repetition of his deceitful statements, sold to this plaintiff additional units until said plaintiff had purchased a total of fifty-four (54) units at a total cost of twenty-seven hundred ($2,700.00) dollars. * * * The said sales and transfers being induced by false representation that the stock of Oyster Properties, Inc., would yield a dividend of at least twelve and one-half (12%) percent per annum on account of the fact that it, the said Oyster Properties, Inc., was operating a crab meat and other fishing business in addition to the harvesting of oysters from leased acreage bottoms, and that said stock was an absolutely safe investment and would return great dividends to the investor. That subsequent to said transfer of the units into stock of Oyster Properties, Inc., the said defendants, W. L. Houchins and Leslie Wiley, in order to complete said conspiracy, formed the Gulf Coast Seafoods, Inc., and falsely represented unto the plaintiff that the said Gulf Coast Seafoods, Inc., would issue a preferred and common stock and that the assets of Oyster Properties, Inc., along with certain other valuable assets, such as Hilles Brothers fishing business of Apalachicola, Florida, would be sold and assigned to the Gulf Coast Seafoods, Inc., and that stock of the said Gulf Coast Seafoods, Inc., would be

much more valuable than the stock of Oyster Properties, Inc., and induced the plaintiff to surrender said stock of Oyster Properties, Inc., to W. L. Houchins for transfer into stock of the Gulf Coast Seafoods, Inc., if and when the said Gulf Coast Seafoods, Inc., was properly organized in accordance with the said two class stock basis. And in furtherance of said conspiracy the said W. L. Houchins and Leslie Wiley proceeded to set up Gulf Coast Seafoods, Inc., upon a three class stock basis and to restrict the return on said stock so that said stock would have little, if any, value, and they proceeded to seize control of the common stock of said corporation by issuing watered stock when they well knew that this stock offered the plaintiff would not return great dividends and had very little, if any, value.

"Plaintiff further avers that the representations made by the said defendants were false and were known to be false at said time by the said defendants and were made by said defendants with an attempt to deceive and defraud the plaintiff, M. W. Case, and that the said plaintiff, M. W. Case, believed said representations to be true, and relied thereon and in so relying thereupon purchased stock and acreage units from the said Oyster Properties, Inc., for the sum of Forty-eight Hundred ($4,800.00) Dollars, of which the sum of Thirty-nine Hundred ($3,900.00) Dollars was paid in cash and that said units were subsequently turned into stock in Oyster Properties, Inc., and that said stock of Oyster Properties, Inc., was tendered to W. L. Houchins for conversion into stock of Gulf Coast Seafoods, Inc., when said Gulf Coast Seafoods, Inc., was set up on a preferred and common stock basis, and that the said plaintiff M. W. Case, subsequent to the tender of said stock, discovered the falsity of said representations and promptly tendered said stock to said defendants and demanded return of the consideration paid therefor, with interest on the

respective sums at eight (8%) percent per annum from the date of payment of said sums to the defendant to the date of tender. * * * "

The essential averments of a pleading setting up fraud, both in law and equity, were before this Court in the case of Great American Ins. Co. of N. Y. v. Sauerez, 92 Fla. 28, 109 So. 299, when it was held that fraud is never presumed and when it is the basis of a pleading the essential facts and circumstances which constitute fraud must be set out clearly, concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer. The rule is that facts constituting fraud must be stated and not legal conclusions. See Allen v. United Zinc Co., 64 Fla. 171, 60 So. 182; Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408; Mortgage Holding Corporation v. Summy, 97 Fla. 403, 121 So. 478; Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65 So. 1; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 324, 53 So. 950; Harrington v. Rutherford, 38 Fla. 321, 21 So. 283.

It was held by this Court in Mizell v. Upchurch, 46 Fla. 443, 35 So. 9, to maintain an action for deceit, the plaintiff must allege and prove (1) that the defendant made some representation to the plaintiff, meaning that he should act upon it; (2) that such representation was false, and that the defendant when making it knew it to be false; (3) that the plaintiff, believing such representations to be true, acted upon them and was thereby injured.

It is not every misrepresentation made that will enable the aggrieved party to maintain an action for deceit. It must be as to matters of fact, substantially affecting his interest, not as to matters of opinion. It is a misrepresentation made by a seller as to a material fact, knowing at the time that it was untrue, and upon which fact so represented the purchaser relies and is injured, that makes the misrepre-

sentation actionable. See Williams v. McFadden, 23 Fla. 143, 1 So. 618, 11 Am. St. Rep. 345.

The above count alleges a false and fraudulent representation by the defendants to the plaintiff about oyster units and stock in Oyster Properties, Inc., and when the same was made the defendants knew the same to be false and untrue but were made by the defendants pursuant to an agreement to defraud the plaintiff and the plaintiff, relying on the fraudulent representation, acted and to the injury of the plaintiff.

We have considered count two of the declaration, which contains about the same allegations of the first count, with a few additional allegations as to the facts constituting fraud, but the first count is the weaker of the two as to allegations of fact constituting fraud and the right of the plaintiff to recover.

While each count of the declaration could be improved upon, we cannot say that either count is subject to the errors as suggested in the motion in arrest of judgment.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in conclusion.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.