Suit by Capital Finance Corporation, and others, against S.A. Robertson and Lillian W. Robertson, his wife, for cancellation of deed made by the named plaintiff to the defendants. From a decree for plaintiffs, the defendants appeal.
Cause remanded for further consideration and proceedings not inconsistent with opinion.
The Capital Finance Corporation, et al., hereafter referred to as the plaintiff, brought its bill praying the cancellation of a deed made by it to S.A. Robertson, hereafter referred to as the defendant. The bill was predicated upon alleged fraud practiced by the defendant upon the Capital Finance Corporation; and as an alternate right to the relief sought, the plaintiff alleged that there was a unilateral mistake of fact as to the amount of land covered by the description in the deed.
The lower court found that there was a unilateral mistake of fact involved and decreed that the deed be cancelled and that the defendant be permanently enjoined from further prosecuting ejectment suits against Nora Glenn Spivey and her husband, Miles Spivey, and Bettie Williams and her husband, Murah Williams, who occupy and claim title to a portion of the land which the deed in question purported to convey. The defendant has appealed from this decree.
On October 5, 1936, one Clyde Atkinson acquired from Elijah Robinson and Lewis Milton, the sole surviving members of the Corporation Board of Universal Bright Star of the East, of Leon County, Florida, (a Negro order) a deed to the property now claimed by the plaintiffs, Spivey and Williams. In February of 1937, Atkinson entered into a contract to sell the land to the plaintiffs, Spivey and Williams, which contract has been partially performed and is still outstanding.
On September 10, 1940, the plaintiff, Capital Finance Corporation, for the sum of $32.50, acquired a deed from the Trustees of the Internal Improvement Fund to lands described as:
"Lot No. 16 Fisher's subdivision except part owned by G.F. 
A. Ry., L.D. Elliott and Barnabas Pinkney, as per deed Book N, page 549, Section 35, Township 1 N, R 1 W." (Italics supplied.)
The description in this Murphy deed covered a large portion of the land claimed by plaintiffs, Spivey and Williams, under the contract with Atkinson, and the Atkinson deed included a portion of the land claimed by Barnabas Pinkney.
S.A. Robertson, the defendant, negotiated with Pinkney to purchase the land that he owned in the Fisher Subdivision. He desired to obtain a strip of land twenty feet wide for an outlet from this land to the street. He knew that the plaintiff held *Page 772 
a Murphy deed to the land that he wanted, so he went to the office of Mr. T.S. Green, the president of the plaintiff corporation, and discussed the matter with him. No agreement was reached at that time. The defendant made several other visits to Green's office and discussed with him the purchase of the plaintiff's property in the Fisher Subdivision. The defendant contends that after the first visit the twenty-foot strip was never mentioned again, and the negotiations thereafter were in regard to all of the property owned by the plaintiff in the Fisher Subdivision. The plaintiff takes the position that the negotiations were at all times confined to a twenty-foot strip of land and that the plaintiff was under the impression that a twenty-foot strip of land was all that was involved in its deed to the defendant. Apparently during these talks the parties never reached any real agreement. It appears, however, that the deed was prepared at the office of Mr. Green, either by Mr. Green himself or by someone whom he had instructed to prepare it, and that thereafter Green called the defendant over the telephone and informed him that a deed to the property was ready and that he could have it for fifty dollars. The defendant accepted the offer, the transaction was completed and the deed recorded the same day. The defendant immediately began to claim title to all the lands covered by the deed, including that which Clyde Atkinson was under contract to convey to the plaintiffs, Nora Glenn Spivey and Bettie Williams.
The defendant assigned six errors in his appeal. Since the first two of these assignments of error cover the only issue which we deem it necessary to decide, the others will not be considered.
Assignment of Error No. 1. The Chancellor erred in making and entering his final order of May 18, A.D., 1948, cancelling the deed from Capital Finance Corporation to the defendant, S.A. Robertson, because the same is contrary to the law and facts in this case.
Assignment of Error No. 2. The Chancellor erred in permanently enjoining S.A. Robertson and Lillian W. Robertson, his wife, from asserting a title to any of the lands covered by the aforesaid deed and in enjoining the said S.A. Robertson and Lillian W. Robertson from prosecuting the actions of ejectment against Nora Glenn Spivey and her husband, Miles Spivey, and Bettie Williams and her husband, Murah Williams, for the reason that the same is contrary to the law and facts of the case.
As noted above, the Chancellor based his decree upon a finding of unilateral mistake of fact. The real issue to be decided by this Court then is that: Whether or not the deed from the Capital Finance Corporation to S.A. Robertson, under the circumstances involved in this case, was given under such mistake of fact as would in law entitle the Capital Finance Corporation to have the deeds cancelled?
Mr. T.S. Green, who represented the plaintiff corporation in this transaction, frankly admitted in his testimony before the Master that he knew that the descriptions in the Murphy deed to Capital Finance Corporation and in the deed from the Capital Finance Corporation to the defendant, S.A. Robertson, were identical. Yet he contends that he thought that the description in the deed to the defendant covered only a twenty-foot strip of land. Are we to presume that he also thought that the Capital Finance Corporation acquired title to only a twenty-foot strip of land by its deed from the Trustees of the Internal Improvement Fund?
It is further observed that nowhere in the record has a twenty-foot strip of land been set forth and designated as the particular twenty-foot strip which Mr. Green, acting for the plaintiff, thought was conveyed to the defendant.
Counsel for the plaintiff has cited cases wherein this Court has permitted a deed or other legal document to be cancelled on the grounds of a unilateral mistake of fact as to the property that was being bought or destroyed, or otherwise dealt with. Crosby v. Andrews, 61 Fla. 554, 65 So. 57, Ann.Cas. 1913A, 420; Hurst et al. v. National Bank and Investment Co., 96 Fla. 148,117 So. 792, 59 A.L.R. 807; Langley v. Irons Land Development Co., 94 Fla. 1010, 114 So. 769; Moore v. Wesley E. Garrison,148 Fla. 653, 5 So.2d 259. The Chancellor evidently regarded these cases *Page 773 
as controlling when he entered his decree in the plaintiff's favor. We have examined all of these cases and have concluded that none of them is in point. In each of these cases the particular land or thing that the party seeking cancellation thought he was buying, selling or otherwise dealing with had been identified as to a specific parcel of land. This case is different. The plaintiff has made no attempt to designate or identify the particular twenty-foot strip of land that its president thought he was conveying, but has chosen to allege in general terms that Mr. Green thought the deed covered only a twenty-foot strip of land. Since the plaintiff relies upon the theory of unilateral mistake of fact, it is incumbent upon the plaintiff to identify the specific land that its president thought was being conveyed, which it has not done.
Had the plaintiff come into court asking that the deed be re-drawn, so that it would convey to the defendant a particular twenty-foot strip of land and no more, we should have a different case, but the plaintiff has asked for a cancellation of the deed.
Mr. S.A. Robertson did testify that he was interested in astrip twenty (20) feet east and west and ninety (90) feet north and south.
Mr. Green, President of the Capital Finance Corporation, testified among other things as follows:
"Q. Mr. Green, should the Court set aside this deed to Mr. Robertson, so far as you are concerned, are you willing to release to these other parties, the properties that this deed is alleged to have covered? A. I am.
"Q. You don't claim their property? A. No, I don't claim it.
"Q. The reason that you went back to him, then, was to correct an injustice that you, through mistake or through representations made to you by him, that you had done other people supposedly? A. That's right.
"Q. You have never claimed any of Mr. Foster's property under this deed? A. No.
"Q. You have never claimed any of Nora Glenn's property under this deed? A. No.
"Q. You have never claimed any of Mr. Foster's property under this deed? A. No.
"Q. You say, when you went back to see Mr. Robertson the second time, in which you told him that you learned that he was claiming other people's property under this deed that you made to him, that he had altogether a different map, then? A. He had a different map, yes.
"Q. It wasn't a map that he exhibited to you when he was trying to buy the property for $50? A. No.
"Q. And this map that he exhibited to you in which he was trying to get you to make him the deed for $50, are you positive that it covered nothing other than a fifty foot strip in front of the Barnabas Pinkney house? A. That's all we discussed and that was all we talked about. That was all he wanted, so he said."
It appears that the appellant actually procured more property than the appellee knew he was conveying and this was known to the appellant. It also appears that the appellee has represented that it does not wish to take full advantage of the colored people whose property has been conveyed by a tax deed to the Capital Finance Corporation.
The cause is remanded for further consideration and further proceedings not inconsistent herewith as shall appear appropriate to the Chancellor; and, if found appropriate, for the ordering that others be made parties to this proceeding. It is also suggested that a finding of facts by the Chancellor would be most helpful, which may be made irrespective of any conclusions of fact indicated herein.
It is so ordered.
THOMAS, SEBRING and HOBSON, JJ., concur.
ADAMS, C.J., and TERRELL and CHAPMAN, JJ., dissent. *Page 774