TILLMAN PEARSON, Judge.
The trial judge dismissed plaintiffs’, appellants’, amended complaint upon the ground that it failed to state a cause of action. When the plaintiffs declined to further amend their amended complaint, the trial judge entered final judgment of dismissal, and the plaintiffs brought this appeal.
Plaintiffs’ original complaint sounded in tort for “false and fraudulent representations” by the defendant in the sale of an automobile to plaintiffs and claimed damages of $1500. The allegations of fraud were by way of conclusion; therefore, the original complaint was properly dismissed. Houchins v. Case, 138 Fla. 368, 189 So. 402 (1939); Ocala Loan Company *355 v. Smith, Fla.App.1963, 155 So.2d 711; Rule 1.9(b), Florida Rules of Civil Procedure,[1] 30 F.S.A.
The allegations of fraud in the amended complaint did not meet the requirement of Rule 1.9(b), Florida Rules of Civil Procedure; however, the gravamen of the complaint was changed so that the claim was for the return of a sum deposited for the uncompleted purchase of the automobile. As such, the complaint stated a cause of action in the nature of general assumpsit for money had and received; that is, for the recovery of money which the appellee, in good conscience, should pay to the appellant. See Cullen v. Seaboard Air Line Railway Co., 63 Fla. 122, 58 So. 182 (1912); Cox v. Grose, 97 Fla. 848, 122 So. 513 (1929); Calhoun v. Corbisello, Fla.1958, 100 So.2d 171; and Goodwin v. Shire, Fla.App.1958, 105 So.2d 178. Even though the forms of action and technical forms for seeking relief have been abolished, Rule 1.8(a), Florida Rules of Civil Procedure, this does not mean that the form of the individual common counts, as they formerly existed, may not be used as a complaint, if the complaint thereby sets forth “a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him”. Moore v. Boyd, Fla. 1952, 62 So.2d 427; Rule 1.8(b), Florida Rules of Civil Procedure.
 If a complaint states a cause of action upon any ground, a motion to dismiss the complaint for failure to state a cause of action should be denied. Regan v. Davis, Fla.App.1957, 97 So.2d 324. Inasmuch as we have found that the amended complaint was sufficient to state a cause of action for a return of the deposit, we hold that the allegations of fraud may be surplusage and that they may be stricken by the court upon its own motion or upon the motion of either party. Moore v. Boyd, Fla.1952, 62 So.2d 427; Rule 1.14(c), Florida Rules of Civil Procedure.
The final judgment dismissing the cause with prejudice is reversed, and the cause is remanded with directions to proceed in accordance with the views expressed herein.
Reversed.

. “(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such par-tieularity as the circumstances may permit. Malice, intent, knowledge, mental attitude and other condition of mind of a person may be averred generally.”