## HARRISON *v.* SIMONS and others.

---

There is no occasion to revive or bring in new parties, where the mortgagor dies after decree and before enrolment.

---

*May* 4, 1840.

~~~

*Practice.
Parties.
Revivor.
Defendant
dying after
decree.*

MORTGAGE case ; a decree for sale was had ; and the mortgagor dying after decree, but before enrolment, a petition was presented to revive, setting forth very much in detail the proceedings in the cause as well as the death of the party.

Mr. *Bulkley*, moved.

THE VICE-CHANCELLOR :—This petition is very unnecessarily long for the purpose intended, even if such a step be proper or required by the practice of this court.

But I am of opinion it is neither necessary nor required that a proceeding to revive and to bring in new parties should be had in a case like the present. The decree already made and entered, before the death of the mortgagor, can be enrolled and executed, notwithstanding the death ; and it will bind all who can possibly claim any interest in the property under him. The decree is to be enforced against the property, by a sale and conveyance of title to a purchaser ; and this will be ef-

fectual at least to pass the title from the time the decree was
pronounced. If the decree remained to be enforced *in per-*
*sonam*, it might be necessary to revive and bring in the per-
sonal representatives of the deceased or to take measures to
establish the decree against them before they could be called
upon to pay the money or to do any act in fulfilment of the
decree. But here no act is required to be done for the pur-
pose of carrying out this decree, except what the master can
do, namely, to advertise and sell the mortgaged premises and
execute a deed to the purchaser, &c.

The right or equity of redemption is already foreclosed by
the decree. It appears to be well understood that the death
of a material party, after decree pronounced but before en-
rolment, will not prevent the enrolment and, consequently, the
execution of the decree. The books of practice lay down the
rule so to be ; and adjudged cases are not wanting on the point ·
2 Brown's Ch. Pract. 694 ; 1 Newland's Pract. 666 ; 1
Hoffm. Pr. 390, 391 ; 2 Equity Ca. Abr. 279 ; Finch's Rep.
169 ; West's Rep. 675, 676.

The prayer of this petition is denied, as being unnecessary.