CASE No. 826.

### TRENHOLM v. WILSON.

1. A tract of land was sold after the death of the mortgagor, under a decree of foreclosure rendered against him during his lifetime; after confirmation of sale, the purchaser demanded possession from the widow of the mortgagor, but she refused to vacate, claiming that the sale was invalid, and that she was entitled to dower. *Held*, under proceedings by rule, that the purchaser was entitled to be let into possession. McIVER, A. J., *dissenting*.

2. A decree of foreclosure is in the nature of a proceeding *in rem*, and is capable of being enforced after the death of the mortgagor. *Per* WILLARD, C. J.

3. Even if the equity of redemption was not barred under the terms of the decree until actual sale, the only effect would be that parties having the legal title could, in the meantime, redeem. *Per* WILLARD, C. J.

4. If the widow was entitled to dower, her possession after forty days was, nevertheless, a trespass. *Per* WILLARD, C. J.

---

Before HUDSON, J., Charleston, February, 1879.

In an action by W. L. Trenholm, executor, against John R. Wilson and others, his judgment and mortgage creditors, to foreclose a mortgage, a decree of foreclosure was rendered and the lands were ordered to be sold. Afterwards John R. Wilson died, and after his death the lands were sold under this decree to F. Schaffer, who complied with the terms of sale and received a deed from the sheriff. The sale was afterwards confirmed by order of court. Schaffer then demanded possession of the widow of John R. Wilson, but she refused to surrender the premises.

He then filed his petition and obtained an order requiring Mrs. Wilson to show cause why the petitioner should not be put into immediate possession. Mrs. Wilson, answering the rule, contended that the sale was invalid, as no proceedings had been taken after the death of John R. Wilson to revive the action or decree, and no notice of the sale had been given to the heirs-at-law, and that she was not a party to the original action; that she had a valid claim of dower in the premises, and that such claim could not be determined under proceedings by rule; and that she had instituted an action for the adjudication of all those questions.

The original action was commenced November 18th, 1876, and notice of pendency of action was filed November 21st, 1876. Decree of foreclosure bore date March 21st, 1878.

The Circuit judge discharged the rule. Schaffer appealed.

*Mr. H. A. M. Smith,* for appellant.

The proceeding by rule is proper. The court will give possession to the purchaser as against parties to the suit, and their privies and all persons claiming under them. 2 *Jones on Mort.,* §§ 1663, 1664; 19 *How. Pr.* 491. And the proper method is by petition and order in the cause. 4 *Johns. Ch.* 609; 21 *How. Pr.* 34; 8 *How. Pr.* 35. The death of the mortgagor could not prevent the execution of the decree, and the sale was valid. 2 *Jones on Mort.,* § 1584; 3 *Edw. Ch.* 394; 56 *N. Y.* 521. If widow is entitled to dower, that gives her no claim against the purchaser. 2 *Bail.* 103; 4 *Rich.* 517. The act of 1791 applies only to foreclosures in law court. The heirs-at-law only took what mortgagor had at the date of his death.

*Mr. L. De B. McCrady,* contra.

Under act of 1791, title is not divested until actual sale. *Riley's Eq.* 111. At death of mortgagor title passed to his heirs-at-law, who have not been made parties, and whose equity of redemption has not been barred. They alone can object to the widow's possession. They had no constructive notice, for filing of *lis pendens* was not followed by service of summons. *Code,* § 155. The heirs are, therefore, rightfully in possession, and some

of them being minors, the mother is there having the charge of
them. At any rate, the proceedings by rule are within the dis-
cretion of the court, and the rule has been refused. 1 *Rich. Eq.*
70. The heirs were entitled to notice to enable them to redeem,
and the widow to enable her to require the personal estate to be
applied to the debt. 2 *Story's Eq. Jur.* 21, and 6 *Rich. Eq.* 210,
were also cited for respondent.

March 12th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This was an application by a purchaser at
a sale under a decree for foreclosure to be let into possession, and
was resisted by the tenant in possession.

The mortgagor died after decree of foreclosure, and his widow
has retained possession of the mortgaged premises since his death.
The widow claims that she is entitled to dower in the premises
and that she cannot be ousted until her dower is assigned. She
also objects that there has been no revival of the suit since the
decree, and for that reason the sale was invalid and the purchaser
not entitled to be let into possession. The Circuit judge refused
the motion and the purchaser appeals.

The decree of foreclosure, rendered during the lifetime of the
mortgagor, binds all parties to the suit and all others who have
acquired an interest in the mortgaged lands since the notice of
*lis pendens.* The widow claims the title in herself. Her pos-
session of the mortgaged premises appears to have been obtained
since decree and by the death of her husband. So far as the
execution of the decree involved only the sale of the mortgaged
premises, it was capable of being enforced after the death of the
mortgagor, and without reviver, being in the nature of a pro-
ceeding *in rem. Hays* v. *Thomas,* 56 *N. Y.* 521; *Harrison* v.
*Simons,* 3 *Edw. Ch.* 394.

A question has been made as to the effect of the death of the
mortgagor upon the capacity of the decree for enforcement, with-
out reviver, in view of the fact claimed that by the terms of the
decree the equity of redemption is not barred until actual sale of
the mortgaged premises under it. Assuming this to be the
proper construction of the decree, the only effect would be that the
persons entitled to take the mortgaged lands at the death of the

mortgagor would be entitled to redeem at any time prior to the actual sale. It is not alleged that any such right of redemption has been exercised or asserted by the parties who succeeded the mortgagor, as it regards the land in suit, nor do such parties resist the appellant's motion to be let into possession as detrimental to such right of redemption. It is not, therefore, necessary to consider the effect of the sale upon the rights of parties occupying that position. The widow of the mortgagor, the only party resisting the appellant, does not assert the possession of an equity of redemption. If she had released her dower to the mortgagee she would be entitled to an equity of redemption. 2 *Jones on Mort.,* § 1067. Her position is, that she is entitled to dower as against the mortgage. Her rights, as claimed, not being subject to the mortgage, she is not compelled to prosecute them through a mere equity of redemption. As to her, the question of the effect of the outstanding right of redemption upon the validity of the sale has no relevancy.

But the question whether the equities of redemption of certain parties remain unbarred, concerns the operation of the decree for a purpose entirely distinct and different from that of giving efficacy to the sale. A sale for foreclosure may be valid and yet subject to unextinguished equities of redemption. The only question here is, was the decree authority for a sale? It is clear upon reason and the authorities that it was.

Assuming the right of the respondent to dower, still she was a mere trespasser on the land of her husband after the expiration of her quarantine. *McCully* v. *Smith,* 2 *Bail.* 103; *Lamar* v. *Scott,* 4 *Rich.* 516. She could not retain the land as against the heirs of her husband until the admeasurement of her dower, much less as against the alienee of her husband. The appellant having title under the husband's mortgage occupies the place of his alienee.

The refusal of the Circuit judge to grant the motion of the appellant was erroneous, and the order dismissing the petition must be set aside and the case remanded for an order conformable to the prayer of the petitioner.

M

McGOWAN, A. J.  I concur.  The widow's possession came through her husband, and she is as much bound by the decree as he would be.  This does not touch the question of her dower.

McIVER, A. J.  I dissent.  According to my view, a purchaser at a judicial sale of land cannot resort to the summary proceeding by rule to eject any persons whom he may find in possession, unless such persons are parties to the action under which the land was sold, or their privies; and, as in this case, it does not appear that Mrs. Wilson was either a party or privy to the action, I think the Circuit judge was right in discharging the rule, and that his order should be affirmed.

Motion granted.