■ SOL BROVENDER, Respondent, v. JAMES WILLIAMS et al., Defendants, and MYRTIS W. WILLIAMS, Appellant.— In an action to foreclose a mortgage on real property, judgment of foreclosure and sale was granted and signed. One of the co-owners of the mortgaged premises, defendant James Williams, died on the next day. The judgment was entered three days after the death. Thereafter a sale was held as directed by the judgment, and the premises were sold and conveyed to the mortgagee, respondent herein. A motion was made by the widow of defendant Williams on her own behalf and by her on behalf of his surviving children to vacate the sale, to vacate the judgment, to permit the aforesaid persons, two of whom are infants, to intervene as parties defendant, and for other relief. The appeal is from an order dated October 19, 1956 denying that motion and from an order dated October 29, 1956 which on reargument adhered to the original decision. Order dated October 29, 1956 affirmed, with $10 costs and disbursements. The judgment was properly entered. It is valid and binding on defendant Williams, his heirs, and representatives, and may be enforced against the real property. (Civ. Prac. Act, § 478; *Harrison* v. *Simons*, 3 Edw. Ch. 394; *Hays* v. *Thomae*, 56 N. Y. 521.) Appeal from order dated October 19, 1956 dismissed, without costs. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [See *post*, p. 937.]

■ FRANCES DEL PRETE, Respondent, v. SALVATORE DEL PRETE, Appellant.— Appeal from an order granting respondent's motion to modify a final judgment of divorce by increasing from $15 to $22 a week the amount awarded for support of the child of the parties. Order reversed on the law and the facts, without costs, and motion denied. Although appellant's earnings have increased since the entry of the judgment, the increase granted by the order appealed from is disproportionate to the amount reasonably required to satisfy appellant's legal and moral obligations to support his present wife and their children. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Wenzel and Beldock, JJ., dissent and vote to affirm, with the following memorandum: In view of appellant's increased income the Special Term, under the circumstances disclosed by this record, did not abuse its discretion by increasing the allowance for support despite the additional obligations assumed by appellant.

■ HERCULES CORRUGATED BOX CORPORATION, Plaintiff, and IRVING BERKOWITZ, Appellant, v. AARON BERKOWITZ et al., Respondents, et al., Defendant.— In an action to invalidate a corporate resolution on the ground that no such resolution was ever adopted by the board of directors, and for other relief, the appeal is from a judgment dismissing the complaint on the merits after trial before an Official Referee. Judgment unanimously affirmed, with costs. No opinion. Present— Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ In the Matter of the Application for the Dissolution of ACME SURGICAL SUPPLY Co., INC. MORRIS HAIMS et al., Respondents; CHARLES TANNENBAUM et al., Appellants.— In a proceeding to dissolve a corporation pursuant to section 103 of the General Corporation Law, the appeal is from an order dated October 30, 1956, as amended by the stipulation of the parties dated January 22, 1957, referring the application to an Official Referee to hear and determine. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [See *post*, p. 928.]