■ MARY L. CAMPBELL, Appellant, v GOLDOME REALTY CREDIT CORP. et al., Respondents. (Appeal No. 1.) [622 NYS2d 161] —Order unanimously affirmed without costs. Memorandum: James W. Campbell, Jr. (decedent), the late husband of plaintiff, purchased a single-family home in the City of Buffalo and took title in his name alone. On April 20, 1987, decedent executed a bond and mortgage on the property to Goldome FSB in the amount of $125,000 and Goldome FSB assigned the mortgage to defendant Goldome Realty Credit Corp. (GRCC). On August 26, 1987, decedent obtained a mortgage life insurance policy that insured payment of the mortgage in the event of decedent's death. Decedent's monthly mortgage payment included the monthly premium on that policy. Plaintiff and decedent were legally separated pursuant to a judgment of separation entered February 20, 1990. As part of their property settlement, decedent executed a mortgage on the property in the amount of $40,000 to plaintiff.

Decedent defaulted in making the required monthly mortgage payments to GRCC after August 7, 1989. On February 7, 1990, GRCC commenced a mortgage foreclosure action and obtained a judgment of foreclosure and sale on June 27, 1990. On August 10, 1990, prior to the foreclosure sale, decedent

filed a chapter 13 bankruptcy petition, thereby automatically staying the foreclosure sale. The following day, decedent unexpectedly died. Thereafter, plaintiff made claim to the proceeds of the mortgage life insurance policy issued to decedent by GRCC. Payment was denied because the policy previously had been cancelled due to non-payment of premiums. On September 24, 1990, decedent's bankruptcy petition was dismissed because of decedent's death, and the foreclosure sale was rescheduled for November 7, 1990. At the sale, defendant Mark Worrell purchased the property.

Plaintiff commenced this action alleging two causes of action. The first cause of action against GRCC seeks damages for breach of contract based on GRCC's cancellation of the mortgage life insurance policy issued to decedent. The second cause of action seeks to set aside the mortgage foreclosure sale.

Supreme Court properly granted the motions of GRCC and Worrell seeking dismissal of the complaint. Plaintiff does not have standing to bring the first cause of action in her individual capacity because she was not an intended beneficiary of the insurance policy (see, Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 33, affd 49 NY2d 924). Additionally, plaintiff did not move to substitute decedent's estate as a party plaintiff until almost two years subsequent to the granting of letters of administration to her.

Furthermore, there is no merit to the contention of plaintiff that the mortgage foreclosure sale should be set aside as jurisdictionally defective due to the fact that no representative of decedent's estate was substituted as a party defendant in the foreclosure proceeding. Plaintiff's contention rests on the erroneous assumption that a foreclosure action is concluded, not by the judgment of foreclosure, but by the actual sale of the property. The Court of Appeals has held that "[t]he decree made and entered before the death of the mortgagors could be executed notwithstanding their death, and binds all persons claiming any interest under them" (Hays v Thomae, 56 NY 521, 522; accord, Whiting v Bank of U.S., 38 US 6, 15; Brovender v Williams, 3 AD2d 841, lv dismissed 3 NY2d 903).

Lastly, we have reviewed the remaining contention of plaintiff and conclude that it is lacking in merit (see, Insurance Law § 3211 [f] [1]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.