■ COUNTRY WIDE HOME LOANS, INC., Appellant, v DAREK J. HARRIS et al., Defendants, and GONZALO DUNIA, Intervenor-Respondent. [26 NYS3d 33]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered September 5, 2014, which, to the extent appealed from as limited by the briefs, sua sponte granted intervention to Gonzalo Dunia, and granted his motion to vacate the judgment of foreclosure and sale and to dismiss this action for failure to join a necessary party, unanimously modified, on the law, to deny the motion to dismiss this action, and otherwise affirmed, without costs.

The motion court providently exercised its discretion in considering Dunia's motion to be, in part, a motion for intervention (*see Clair v Fitzgerald*, 63 AD3d 979, 980 [2d Dept 2009]). In addition, the motion court correctly granted intervention, because Dunia, a fee owner of the property that plaintiff seeks to foreclose upon and sell, may be adversely affected by a judgment in this action (*see* CPLR 1012 [a] [3]; *see also New Falls Corp. v Board of Mgrs. of Parkchester N. Condominium, Inc.*, 10 AD3d 574, 576 [1st Dept 2004]).

The motion court properly granted Dunia's motion to vacate

pursuant to CPLR 5015 (a) (3), even though Dunia only referenced CPLR 5015 and did not specify subdivision (a) (3) in his motion papers (*see e.g. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]). The motion was made within a reasonable time (*see Nash v Port Auth. of N.Y. & N.J.*, 22 NY3d 220, 225 [2013]), given that Dunia moved less than three months after entry of the judgment of foreclosure and sale, and there is no indication that he had actual notice of this action before entry of the judgment. Given that plaintiff knew of Dunia's fee interest since at least 2009, but neither joined him nor gave him notice of the instant action, the motion court properly vacated the judgment on the ground of extrinsic fraud (*Tamimi v Tamimi*, 38 AD2d 197, 199-200 [2d Dept 1972]).

However, the motion court erred in granting Dunia's motion to dismiss this action pursuant to CPLR 3211 (a) (10) for failure to join him as a necessary party. To the extent that Dunia is a necessary party, he was made a party when the court, sua sponte, granted his intervention (*see Matter of Crabtree v New York State Div. of Hous. & Community Renewal*, 294 AD2d 287, 290 [1st Dept 2002], *affd* 99 NY2d 606 [2003]). Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.