| |
|---|
| **HSBC v Cobb** |
| 2024 NY Slip Op 34619(U) |
| July 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 501932/15 |
| Judge: Larry D. Martin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FSMP, of the Supreme
Court of the State of New York, held in and for
the County of Kings, at the Courthouse, at 360
Adams Street, Brooklyn, New York, on the 12th
day of July 2024.



P R E S E N T:

HON. Larry D. Martin
J.S.C.

Index No.: 501932/15

——————————————————————————— x

HSBC,

                           Plaintiff,         **DECISION AND ORDER**

      -*against*-

JOSEPH COBB et al,

                    Defendant,

——————————————————————————— x

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Motion (MS 7) | 1 |
| Opp/Cross (MS 8) | 2 |
| Reply/Opp to Cross/Cross (MS 9) | 3 |
| Cross-Reply/Opp to Cross-Cross | 4 |
| Cross-Cross-Reply | 5 |

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

The instant action was commenced on 2/19/15. All defendants defaulted. An order of reference, receiver, and judgment of foreclosure and sale were all granted over the course of 2019. In early 2020, Plaintiff moved for leave to amend the pleadings to add Deanyon Ross who it discovered acquired the property from Defendant Cobb, for an extension of time to serve Ross, and an extension of time to conduct an auction were Ross to default. The motion was granted in September 2022. In February 2023, Plaintiff – claiming that it could not locate Ross – sought leave to serve him by publication and for a guardian ad litem to be appointed to represent his

[* 1]

interests. That relief was granted three months later. Thereafter, Ross answered the amended complaint.

Ross now moves [MS 7] for dismissal of this action based upon a lack of personal jurisdiction over him and over Cobb, vacatur of the September 2022 order amending the pleadings as Cobb was already deceased as of that time, and to vacate all of the prior orders pursuant to CPLR 5015[a][3] as having been procured through fraud and misrepresentation. Plaintiff opposes and cross-moves [MS 8] to amend the caption to drop Cobb and for a nunc pro tunc extension of time to publish in the Daily Challenge as required by the order of publication. Ross opposes the cross-motion and cross-moves for dismissal pursuant to CPLR 3215[c]. Plaintiff opposes Ross' cross-motion.

It is undisputed that Cobb died in 2021 following the grant of judgment of foreclosure and sale. Consequently, this action was not stayed by his passing and the subsequent motions – none of which sought relief against the decedent – were properly before the Court (*Campbell v Goldome Realty*, 209 AD2d 991 [4th Dept 1994]; *Hays v Thomae*, 56 NY 821 [1874]).

Ross cannot raise a personal jurisdiction defense on behalf of Cobb. It has long been noted that "[t]he defense of improper service of process in a foreclosure action is personal in nature and may only be raised by the party improperly served" (*NYCTL v King*, 13 AD3d 429, 430 [2d Dept 2004] citing *Home Sav of Am v Gkanios*, 233 AD2d 422, 423 [2d Dept 1996]). While Ross suggests that he is the successor in interest to Cobb[1] and, thus, can raise defenses in his stead, that does not appear to be the case with regard to personal jurisdiction (see, for example, *King* [Successor's bank could not raise on behalf of transferor]; *Wells Fargo v Bachman*, 145 AD3d 712, 714 [2d Dept 2016][Bachmann could not raise on behalf of Schmitt whose interest in the property he inherited during the action]).[2]

---

[1] Even assuming, arguendo, that a successor in interest would be allowed to raise jurisdictional defenses on behalf of a predecessor under some circumstances, Ross would not be able to do so. As his interest in the property was extant (albeit, unknown to Plaintiff) at the time of commencement, he did not become a successor-in-interest during the action and does not inherit Cobb's defenses to this action which accrued after the transaction between them.

[2] Defendant cites several cases where it appears that a successor did raise jurisdictional issues on behalf of its predecessor. Those decisions do not address the propriety of the movant raising the issue and, thus, it seems that that issue was not before the court therein.

[* 2]

Plaintiff is correct that Ross – whose deed was unrecorded at the commencement of this action – was not a necessary party and would have been bound by the outcome of this action [CPLR 6501; see, similarly, *Novastar v Mendoza*, 26 AD3d 479, 480 [2d Dept 2006][party whose deed memorializing an earlier[3] transfer was recorded following commencement bound by action]).[4] To the extent that Ross alleges that the prior proceedings should be vacated as Plaintiff knew of his interest but proceeded in his absence, it was not obligated to name him as a party and there is no evidence that Plaintiff learned of the deed before 2019. Nonetheless, as Plaintiff elected to add him, it is bound by that decision to the extent that his answer and defenses will be entertained.

It is undisputed that Plaintiff successfully moved for an order of publication in 2023[5] and that it timely commenced publication in Our Time Press but did not do so in Daily Challenge. Plaintiff proffers a series of email that it sent to the latter publication starting less than two weeks after the order of publication was uploaded. Counsel explains that it was only after several months of effort that his office learned that the reason no response was received was that its emails were going to the Daily Challenge's spam box. Publication therein was finally commenced in December. Plaintiff now seeks an extension of time to serve pursuant to the order of publication and for the late publication to be ratified nunc pro tunc. Ross opposes and suggests that the untimeliness of the publication is jurisdictional and an extension of time cannot (and, even if it could, should not) be granted. While the Court agrees that timing requirement has been held to be jurisdictional (*In re Kaila B*, 64 AD3d 647, 649 [2d Dept 2009], citing *Caton v Caton*, 72 Misc2d 544, 545 [Sup Ct, Monroe County 1972]), nothing bars extending the time – as could be done in the case of other failure to timely acquire personal jurisdiction. Under the circumstances, the Court will do so and – as Ross has already answered and there is nothing to gain by requiring re-publication – will nunc pro tunc ratify the already completed publication.

---

[3] Per the appellate briefs, the deed was dated significantly prior to the action remained unrecorded until one month following commencement.

[4] Ross directs the Court's attention to *Countrywide v Harris*, 136 AD3d 570 [1st Dept 2016]. However, therein the deed was recorded prior to commencement.

[5] Ross argues that the order of publication was granted based upon erroneous information as his driver's license provides his address. Notwithstanding that, the affidavit of due diligence was sufficient. A process server went to the (correct) address and was allegedly told that Ross was unknown there and Plaintiff proffered copies of the voter registration and DMV searches all of which resulted in "no-hit" conditions. As such, service by publication was justified.

[* 3]

While Ross can (arguably[6]) raise CPLR 3215[c] as to Cobb, Plaintiff is correct that 3215[c] cannot be raised post-JFS (*Citimortgage, Inc. v Behrman*, 189 AD3d 1159, 1161 [2d Dept 2020]; *NYCTL 1998–2 Trust v. Cooper Third Associates*, 176 A.D.3d 727,728 [2d Dept 2019]) and the judgment remains in effect as to Cobb.

Motions to dismiss [MS 7&9] dismissed. Cross-motion [MS 8] granted to the extent that Plaintiff's time to serve pursuant to the order of publication is extended and the publication in Daily Challenge nunc pro tunc rendered timely.

This constitutes the decision and order of the Court.

ENTER:

Hon. *Larry D. Martin* JSC

HON. LARRY MARTIN
JUSTICE OF THE SUPREME COURT

---

[6] See fn1 as to why he might not be able to.

[* 4]